## CLARK *v.* WILDRIDGE.

The right of recoupment can only exist where the defendant, instead of recouping, could bring his cross action.

Where the refusal of instructions which have been refused, or the giving of instructions which have been given, would be right, under any supposable state of facts, it will be presumed on error (when the evidence is not set out in the record) that such a state of facts existed.

In assumpsit, in the Circuit Court, where the plaintiff, no set-off having been pleaded, recovered less than 50 dollars, the defendant, by the R. S. 1843, was entitled to costs.

*Thursday, June 1.*

ERROR to the *Franklin* Circuit Court.

STUART, J.—Assumpsit for work and labor, materials, &c., and a special count on a parol lease for five years. Plea, the general issue. Verdict and judgment for the plaintiff, *Clark*, for 30 dollars. Judgment in favor of *Wildridge* for costs.

*Clark* brings the case to this Court.

The bill of exceptions partially discloses the facts. It runs thus:

" *Clark* introduced evidence tending to prove that the plaintiff and defendant had agreed together by parol, that the plaintiff should have a lease on a tract of land of the defendant, for five years; in consideration of which the plaintiff should pay one-half of the grain raised on the premises as rent, cultivate the land properly, and build a house.

thereon. That under the contract the plaintiff entered, built the house, and rendered the annual rent for a period of three years."

The bill of exceptions proceeds further to say that the defendant introduced evidence tending to prove the contrary (meaning, we presume, that the term was originally for three, instead of five years); that defendant had given *Clark* written notice to quit at the end of three years; that *Clark* did give up possession with a protest and notice that he would look to *Wildridge* for his labor, expenses and materials, in building the house, &c.

The record does not purport to contain all the evidence.

In the first count of the declaration, which sets out the contract specially, the value of the house is laid under a *videlicet* at 200 dollars. But the succinct statement of the evidence is silent on that point.

*Clark* complains of the instructions which the Court refused to give, as well as those given. Considering that the value of the house appears to be the only matter in controversy, the following is the most material. The Court instructed the jury that the defendant *Wildridge* was entitled to recoup the use and occupation of the house for three years, against its value.

Whether this instruction was erroneous or not, must depend upon the evidence.

Recoupment is admitted, among other reasons, to avoid circuity of action. *McAlister* v. *Reab*, 4 Wend. 483. But the right to recoup can only exist where the defendant, instead of recouping, could bring his cross action. *Allain* v. *Whitney*, 1 Hill 484.

It is very clear from *Clark's* evidence that *Wildridge* had no right of action in any form against *Clark* for use and occupation; for that was part of the possession enjoyed for which *Clark* had paid rent. And it is equally clear that if the lease was only for three years, as *Wildridge's* evidence tended to prove, the instruction was harmless. For, according to the terms of such contract, *Clark's* time had expired; and he had no further interest in either the land or the house; and consequently no right of action.

Now, without the evidence, we can not say whether the instruction is erroneous, harmless, or correct. We could easily imagine a state of facts to which the instruction would be applicable, as the law of the case. But in the conflicting tendencies of the evidence submitted to the jury, *Clark's* tending to prove one thing, *Wildridge's* tending to prove the contrary, we can not tell which tendency preponderated. There is no safety in this Court hazarding a conjecture what the evidence might have been. And, for the parties, there is no way to test the instructions either refused or given in a great majority of cases, but to put all the evidence upon the record.

Otherwise if the refusal of instructions, and on the same principle if the instructions given, would be right under any supposable state of facts, we must presume those facts existed. *Kinsey* v. *Grimes*, 7 Blackf. 290.

The recovery being less than 50 dollars, and without set-off pleaded, the judgment for costs is correct. *Edmonds* v. *Paskins*, 8 Blackf. 196.

*Per Curiam.*—The judgment is affirmed with costs.

*G. Holland*, for the plaintiff.

*J. Ryman*, for the defendant.