Nov. Term,
1855.

HOUSTON
v.
YOUNG.

Houston and Another *v.* Young and Others.

Recoupment will be allowed whenever an action for damages can be sustained and circuity of action thus avoided.

Courts will favor recoupment rather than drive a party to a separate action.

*Monday,
December* 10.

APPEAL from the *Clay* Circuit Court.

STUART, J.—Suit by *Houston* against *Young* on a special contract. By an article of agreement, *Houston* leased to *Young* the land known as the "*Sutton* farm." Among other stipulations, it was agreed that *Young* should put the farming land, estimated to contain one hundred and thirty acres, in corn. The ground was to be properly prepared and in good season; the fallen timber cleared off; the fences righted up; and every thing done in a farmerlike manner. The corn was to be plowed at least three times, and the house, barn and orchards properly cared for.

*Houston* and others, on their part, were to maintain the plaintiffs in the possession of the premises, so long as they continued to fulfill the contract; grant them certain privileges necessary to its proper enjoyment; and at the close of the period of tending the crop, release them from any further care thereof; and pay them 3 dollars per acre for the cultivation of the corn. The rails for repairs were also to be hauled by *Houston* and others, the defendants below.

The breach, after alleging performance on the part of *Young* and others, is, that *Houston* and others failed in this, viz.: whereas they had cultivated, &c., one hundred and forty acres, the defendants had failed to pay them 420 dollars; and laying their damages at that sum.

*Houston* and others answer—

1. That the plaintiffs had failed to cultivate, &c., in good season, in a proper manner, &c., laying their damages, by reason of such negligence, at 400 dollars.

2. The second paragraph alleges a failure to perform in relation to clearing off the timber and repairing the fences, &c., laying their damages in this regard at 200 dollars.

3. The third paragraph alleges a payment of 246 dollars and 81 cents on the contract.

4. The fourth paragraph sets up an indebtedness from the plaintiffs to the defendants to that amount.

Nov. Term, 1855.

HOUSTON
v.
YOUNG.

The plaintiffs' reply to the second paragraph, admitting the facts alleged, but setting up in avoidance that the defendants refused to have the work done or to furnish a team to haul the rails. Issue, by denial of the third and fourth paragraphs. In this situation the cause was submitted for trial to the Court. Finding and judgment for 70 dollars.

A motion for a new trial was made at the proper time, and overruled; and the evidence is set out in a bill of exceptions.

The only ground of complaint with the action of the Common Pleas, is, that the Court did not allow the defendants a sufficient amount in damages by way of recoupment. This is not assumed in so many words, but it is the substance of the defence. The plaintiffs below had not cultivated the land agreeably to the contract; the defendants were thereby injured more than the 143 dollars which would be due had the agreement been strictly complied with. The defendants below therefore insist that they were entitled to have their damages recouped against the amount otherwise due; and thus that the plaintiffs were not entitled to recover.

Reluctant as we are to disturb the finding of the Court, or the verdict of a jury, on questions of fact, for the most obvious reasons of public policy, yet there are cases sometimes so glaring as to preclude every presumption of accuracy. We think this is one of those cases. The evidence clearly establishes that owing to the want of proper cultivation, not much over half a crop was raised, and that corn such as farmer-like culture would have made that, was worth at least 8 dollars per acre. We think the evidence abundant and conclusive as to the damages of the defendants resulting from the negligence of the plaintiffs in discharging their part of the contract.

We waive all consideration of the state of the pleadings. It is a course favorable to the plaintiffs to overlook the issues, and overlook the fact that they sue on the contract

only, without any claim for the actual value of the labor bestowed.

That the defendants were entitled to recoupment, can not be doubted. Recoupment will be allowed whenever an action for damages can be sustained and thus circuity of action avoided. *Clark* v. *Wildridge*, 5 Ind. 176. For the careless and unfarmer-like manner of cultivation disclosed in the evidence, *Houston* and others could have maintained an action for damages. They were, therefore, entitled to recoup. And Courts will favor recoupment rather than to drive the party to a separate action.

We are of opinion that the motion for a new trial should have been sustained.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. M. Hanna*, for the appellants.