THOMAS M. ADAMS, *as Sheriff of Sumner County*, v. W. H. GILLAM.

1. WRONGFUL ATTACHMENT — *Evidence* — *Error.* In an action to recover damages from a sheriff for a wrongful seizure of plaintiff's goods, under writs of attachment issued in suits against his son, where, on motion of the plaintiff, made in such actions, the attached property has been restored by order of the court to him, it is error to award exemplary damages, attorney's fees and other expenses attending the hearing of such motion, in the absence of any showing of fraud, malice, or oppression.

2. DAMAGES, *Measure of.*  *Held,* That in such an action the same rule obtains concerning the measure of damages as in an action of replevin to recover the goods and damages for their unlawful detention.

*Error from Sumner District Court.*

ACTION by *W. H. Gillam* against *Thomas M. Adams,* as sheriff, for wrongful attachment. There was judgment for plaintiff, and defendant brings error.

*John L. McAtee,* and *Schwinn & Rogers,* for plaintiff in error:

It seems to us that the same rule of damages applies in this case that would have applied if the defendant in error had replevied the goods from the sheriff, instead of filing his motion to have the goods discharged from the attachment, and had in the replevin suit sought to recover attorney's fees and traveling expenses in that suit. If he could not recover his attorney's fees and traveling expenses in the replevin suit, he certainly could not recover them in a subsequent suit, if he had simply asked for a return of the goods in the replevin suit and then brought a separate suit for his attorney's fees and expenses. As the motion to discharge from the attachment was the same thing in effect as a replevin suit asking for the return of the goods only, he certainly cannot in this case recover attorney's fees and expenses.

It is not shown anywhere in the record that the sheriff was guilty of any act which would render him liable to pay exemplary damages or would have rendered him liable to pay exemplary damages in a replevin suit brought by the defendant in error to recover possession of the goods. In such a replevin suit, his recovery would have been limited to the possession of the goods and to damages to the goods; and as he had recovered the goods by his motion, certainly the greatest sum he was entitled to recover in this case was damages to the goods occasioned by the acts of the plaintiff in error. This case is certainly within the rule laid down by this court in the case of *Winstead v. Hulme,* 32 Kas. 568.

*Ferguson & Dey,* for defendant in error; *James Lawrence,* of
counsel:

The defendant in error submits to the court that the au-
thority cited by the plaintiff in error, to wit, the case of *Win-
stead v. Hulme,* 32 Kas. 568, and the only authority cited by
him in support of that position, is not applicable to this case.
That was an action of replevin, and the rule in attachment
is not the same and does not apply. The case in replevin, as
will be seen by the opinion of the court in that case, on page
574, *supra,* clearly states that the rule in that case (replevin)
is not applicable in attachment cases, and cites the case of
*Tyler v. Safford,* 31 Kas. 608, and upon this last authority,
the just and reasonable rule of law, the defendant in error
largely relies in support of the verdict of the jury and rulings
and judgment of the court in case at bar for the allowance
of said attorney's fees.

The opinion of the court was delivered by

ALLEN, J.: The defendant in error, W. H. Gillam, held a
chattel mortgage executed by his son, W. N. Gillam, on a
stock of groceries. The plaintiff in error, who was defendant
below, as sheriff of Sumner county, levied two attachments on
the stock, one in the suit of Beckman, Mercer & Co. *v.* W.
N. Gillam, and the other of Austin Bros. against the same
party. The plaintiff appeared by motions in those suits, ask-
ing that the goods be discharged from the attachments, on the
ground that they were his property under such chattel mort-
gage, and not the property of the defendant in the actions.
These motions were heard and sustained by the court, and the
property returned to the plaintiff. He thereupon commenced
this action against the sheriff to recover damages occasioned
by the unlawful seizure of the property. There is no aver-
ment in the petition that the sheriff was actuated by fraud,
malice, or a disposition to oppress, but the case presented is
solely of an unlawful seizure of the plaintiff's property under
writs issued against his son. The case was tried by a jury,

which rendered a general verdict in favor of the plaintiff for $509.47, made up, as shown by the special findings, as follows: Damages to the goods, $185.67; attorney's fees paid and promised in litigation to obtain possession of the goods, $250; plaintiff's traveling expenses attending court in that litigation, $25; expenses of attorneys attending court and traveling, $42.80.

The point urged by the plaintiff in error, that there is no proof of indebtedness secured by the chattel mortgage, is not well taken. The goods appear to have been in the possession of the plaintiff below, and the court, on motion to release them from the attachments, decided necessarily that his possession was rightful.

The next question is as to the measure of the plaintiff's right of recovery. This question was presented through the course of the trial, on the introduction of testimony, on the instructions, and by the special questions which the defendant asked to have submitted to the jury. We think the contention of plaintiff in error, that this case is to be treated as though the questions here involved were being tried in an action of replevin to recover the goods and damages for their unlawful detention, is correct. By the motions in court, the plaintiff regained his specific property. He now is entitled to damages for their unlawful detention; but we think the rules determining the measure of such damages are such as would prevail in an action of replevin, and that the case of *Winstead v. Hulme*, 32 Kas. 568, correctly declares the rule applicable. We quote from the syllabus in that case:

"1. In an action to recover the possession of personal property, the plaintiff is not entitled to recover as actual damages attorney's fees for the prosecution of the case, when the elements of malice, gross negligence or oppression do not mingle in the controversy.

"2. In an action against a sheriff to recover the possession of personal property wrongfully seized by the officer under an execution in his hands, the sheriff, if not guilty of fraud, malice, gross negligence or oppression in the execution of the process, is not liable in vindictive or exemplary damages."

On behalf of the defendant in error, it is contended that the case of *Tyler v. Safford*, 31 Kas. 608, furnishes the correct rule for this case; that the rule which should govern here is the same as that in an action on an undertaking in an attachment suit.   Where suit is brought on a written instrument, like an undertaking for an attachment, the rights and obligations of the parties are measured by the instrument sued on. In this case there is no written contract on which the plaintiff's rights are founded, but he seeks to recover solely because of the sheriff's wrongful acts.   The extent of that ·recovery must be determined by the established rules of law applicable to the case.   We are unable to perceive any reason for holding that the rule in this case should be any different from that declared in *Winstead v. Hulme*, and reiterated in *Dow v. Julien*, 32 Kas. 576.   A mere difference in the form of action by which a party's rights are determined should not affect the measure of the rights themselves.   If all of the questions growing out of the acts of the sheriff had been determined in one action, under these authorities it is clear that the items of attorney's fees and personal expenses could not have been recovered, in the absence of proof of facts entitling the plaintiff to exemplary damages, nor can they be recovered in this action without such proof.   It follows, then, that, as to all the items of damages except the first, the judgment is erroneous, and also all of the proceedings of the court in relation thereto on the introduction of evidence, the instructions, and the submission of special questions to the jury.   We might direct a modification of the judgment by striking out these items and allowing judgment for the amount found by the jury as actual damages to the goods, but our attention is called by counsel for plaintiff in error to the fact that that finding is based on improper testimony, and on examination of the record we find this claim to be correct.   The plaintiff based his testimony, which is all we find on the subject, on the price list in his possession, and nowhere states that he knew the value of the goods, and was able to state of his own knowledge the value of the goods before seizure and after they were returned to

him. His evidence is indefinite, and so unsatisfactory that we do not think it sufficient to uphold a verdict, in view of the fact that proper objections and exceptions to it were made and preserved at the time.

The judgment must be reversed, and a new trial ordered.

All the Justices concurring.