JONES v. TELEGRAPH CO.

(*Knoxville.* November 2, 1898.)

1. TELEGRAPH COMPANY. *Degree of care required of.*

The diligence which an ordinarily prudent and diligent man would exercise in the discharge of his own business, under like circumstances, is not the measure of the duty of a telegraph company in respect to the delivery of a telegram, but considerations of public policy demand that such company shall be held responsible for a very high degree of care. (*Post, p. 443.*)

Cases cited and approved: Marr v. Telegraph Co., 85 Tenn., 538; Telegraph Co. v. Mellon, 96 Tenn., 68.

2. SUPREME COURT. *Renders final judgment on reversal, when.*

This Court, upon reversing a judgment for defendant, on account of error in the charge, in an action for damages for negligent delay in the delivery of a telegram, will not remand the cause, although the trial was before a jury, but will direct that a judgment be entered for plaintiff for a nominal amount and costs, when it is clear that defendant is liable for some damages, and that the recovery must be nominal. (*Post, pp. 443, 444.*)

FROM ROANE.

Appeal in error from Circuit Court of Roane County. JOHN J. BLAIR, J.

H. P. STEPHENS for Jones.

OTTO FISCHER for Telegraph Co.

CALDWELL, J.    Thomas Jones brought this action to recover damages from the Western Union Telegraph Co. for its alleged negligent delay in the delivery of a telegram sent to him. Verdict and judgment for the defendant, and the plaintiff appealed in error.

The trial Judge erroneously instructed the jury that the defendant was under legal obligations to exercise only such diligence in the delivery of a telegram "as an ordinary, prudent, and diligent man would exercise in the discharge of his own business under like circumstances." Telegraph companies are, in a large sense, public corporations, endowed with many rights and privileges that individuals do not possess and cannot enjoy. They are allowed the functions of eminent domain and are protected by the public laws in a *quasi* public occupation. Their obligations in respect of their business are, therefore, more exacting than those of a private individual. "Considerations of public policy demand that they shall be held responsible for a very high degree of diligence." *Marr* v. *Western Union Telegraph Co.*, 85 Tenn., 538; *Telegraph Co.* v. *Mellon*, 96 Tenn., 68, 69.

For this error in the charge of the Court, the judgment is reversed.

After reversal shall the case be remanded for a new trial, or shall it be finally decided by this Court? Ordinarily, the former course would be pursued, the trial below having been before a jury, and not by

the Court without a jury. This is an exceptional case, however, and calls for an exception to the ordinary rule.

The testimony of defendant shows conclusively that it breached its contract, in that it did not exercise that degree of diligence devolved upon it by the law. By that breach the defendant inevitably becomes liable for some damages. The testimony for the plaintiff discloses, with equal certainty, that he sustained only nominal damages. Then the defendant is liable for nominal damages; no more, no less. This being so, nothing could be accomplished to the advantage of either party by a remand and new trial. The plaintiff, in no event, can be entitled to more than nominal damages; the defendant, in any event, is liable for that much. No other result, in whatever Court, would meet the demands of the law upon the conceded facts of the case; and if a different result were reached in the lower Court upon a remand and new trial, this Court, upon another appeal in error, would be compelled to reverse again.

Such being true, this Court directs that a judgment be now entered here in favor of the plaintiff, and against the defendant, for one dollar and all costs.