Clifford A. Bonds *v.* Lycurgus Garvey.

[39 South. Rep., 492.]

Attachment in Chancery. *Code* 1892, § 486. *Damage on dissolution. Attorney's fees.*

Damages, by way of attorney's fees and otherwise, are not recoverable upon the mere dissolution of an attachment in chancery, under Code 1892, § 486, regulating such cases.

From the chancery court of, first district, Hinds county.

Hon. Robert B. Mayes, Chancellor.

Bonds, the appellant and complainant, sued out an attachment in chancery against Garvey, a nonresident, the appellee and defendant. The Merchants' Bank, a resident corporation, was made defendant upon the charge that it was indebted to Garvey, or had effects of his in its hands or possession. Garvey, the nonresident defendant, appeared and denied that he was indebted to complainant, and the court below heard the testimony on that issue and decreed in Garvey's favor, awarding him damages because of the wrongful suing out of the attachment. The damages allowed were $25 as attorney's fee and $7.50 interest on funds withheld from him by the bank pending the litigation as the result of the suit. Bonds appealed from the decree in Garvey's favor to the supreme court.

*Watkins & Watkins,* for appellant.

An attachment in chancery has none of the attributes or incidents of an ordinary attachment at law. It is purely a statutory

remedy. It is a method of equitable adjustment. It is a procedure by which money or effects belonging to a nonresident in the hands of a resident of this state are held to answer to a claim propounded in the manner provided in the statute.

The statute provides the remedy and creates it; provides in detail the manner in which the bill shall be filed, kind of summons to be issued, the manner of obtaining process on the non-resident defendant, the manner of obtaining a lien on funds in the hands of the resident defendant, the procedure to be followed by a defendant in making his defense; but fails to provide upon a dismissal of the bill that the complainant shall pay damages to the party injured. Had the lawmakers intended that damages should be awarded in actions of this kind, the complainants would have been required to give bond to indemnify the party injured for damages sustained, as is provided in the chapter on attachments at law.

*Williamson, Wells & Peylon,* for appellee.

The code provides definitely in sec. 166 for damages for the wrongful suing out of an attachment. Certainly it was the intention of the legislature to provide for all damage resulting from the abuse of a legal process that is so summary in its operation. Would there and could there be any difference in the damages suffered from an attachment, whether it be at law or in chancery, so far as the defendant is concerned—especially as the damage is the same, and they are both attachments and both statutory? Then why would not the abuse of one apply equally to the other? Surely it is a distinction without a difference. As a part of the damages provided for in sec. 166 of the code, attorneys' fees are expressly named.

WHITFIELD, C. J., delivered the opinion of the court.

There is no provision in the statute regulating attachments in chancery requiring the complainant to give bond as is required in respect to a plaintiff in attachments at law; nor is there any pro-

vision in the statute law on the subject authorizing a chancery court to allow damages by way of attorneys' fees, etc., in attachments in chancery.    The whole matter of damages in attachment proceedings is purely statutory, and in the absence of a statute providing therefor we do not think the court was correct in allowing the damages in this case.    See *Stauffer* v. *Garrison,* 61 Miss., 67, and other authorities cited by counsel for appellant.

*The action of the chancellor on the merits was correct; but for the error indicated the decree is reversed, and a decree will be entered here dismissing the bill at the costs of the complainant. So ordered.*