[No. 6879.  Decided March 19, 1908.]

BESSIE CHILDS *et al.*, *Respondents*, v. WILLIAM O. CHILDS, *Appellant*.[1]

LIBEL AND SLANDER—TRIAL—INSTRUCTIONS—ASSUMPTIONS — COMMENT ON FACTS. An instruction in an action for slander upon the subject of justification, "if the jury should find that the defendant was provoked to speak the slanderous words," to which the court added that it was based "on the assumption that you find the words were uttered," is not objectionable as assuming that the words were uttered, or as an unlawful comment on the facts.

TRIAL—INSTRUCTIONS—ISSUES RAISED BY EVIDENCE. It is not error to instruct upon the issues raised by evidence admitted without objection, although the same may not have been raised by the pleadings.

SAME—INSTRUCTIONS AS TO PREPONDERANCE OF EVIDENCE. An instruction requiring proof of a certain fact by the preponderance of the evidence, and authorizing recovery if such fact is proved to the satisfaction of the jury, is not objectionable as authorizing a recovery upon proof to the jury's satisfaction without proof by the preponderance of the evidence.

LIBEL AND SLANDER—DAMAGES—EXCESSIVE VERDICT. A verdict for $750 for slander by the utterance in a public street in the presence of numerous persons, of words questioning the chastity of a woman is not excessive.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered January 15, 1907, upon the verdict of a jury rendered in favor of the plaintiffs, in an action for slander. Affirmed.

*Merritt, Oswald & Merritt*, for appellant.

*Belt & Powell*, for respondents.

CROW, J.—Action by Bessie Childs and Charles O. Childs, her husband, against William O. Childs, to recover damages for slanderous words, alleged to have been spoken of the

[1]Reported in 94 Pac. 660.

plaintiff Bessie Childs. From a judgment in favor of the plaintiffs, the defendant has appealed.

The evidence shows that the respondent Charles O. Childs and the appellant, William O. Childs, are half brothers, between whom much bitter feeling had existed, and that on the streets of Spokane they had a fight, during which appellant, within the hearing of numerous persons, uttered of and concerning Bessie Childs words which were actionable *per se*. The jury by their verdict found that the words were uttered, and the evidence sustains their finding.

The trial court in part instructed the jury as follows:

"You are instructed that anger is no justification for the use of slanderous words, and if you should find that the defendant was provoked to speak the slanderous words by any act of conduct of the husband, Chas. O. Childs, that would be no justification or excuse for speaking the slanderous words of and concerning the wife Bessie Childs, and should not be considered by you in mitigation of the damages, if any, suffered by her. Of course, that is based on the assumption that you find these words were uttered."

Appellant contends that by this instruction the trial judge *assumed* that the slanderous words were spoken; that he only submitted to the jury the question whether appellant was provoked to speak them; that in effect he said, "I assume that you will find the slanderous words were spoken, and if you find that Charles O. Childs provoked William O. Childs to speak them, that fact is not to be considered by you in mitigation of damages." Having made this interpretation, appellant further insists that the instruction was a comment on the facts, made by the court in violation of § 16, art. 4, of the constitution. We think appellant's counsel do not correctly interpret the instruction. The context shows that the trial judge, in effect, said: "Of course, that is based on the condition that you, the jury, after weighing all the evidence yourselves, find these words were uttered." The instruction, considered in its entirety and in connection with other instructions given, conveys no other idea. The jury could not have understood

that the trial judge was informing them that he himself assumed or believed the words had been spoken. In other instructions the jury were explicitly told, in unmistakable language, that they themselves must determine from all the evidence whether the words had been spoken as alleged.

The answer to the complaint, which alleged the speaking of slanderous words, consisted of denials only. Under the issues thus presented the appellant contends it was error to instruct the jury on the questions of provocation or justification; that no issues of provocation or mitigation of damages were presented, and that instructions must be confined to the issues raised by the pleadings. The language alleged, if uttered, reflected upon and questioned the chastity of the respondent Bessie Childs. There was evidence tending to show that, during their fight, Charles O. Childs called the appellant a "rape fiend"; that thereupon the appellant spoke of and concerning Bessie Childs the slanderous words upon which this action is based. This was the evidence of both parties admitted without objection from appellant. The cross-examination of respondents' witnesses and the testimony given by appellant himself show that, on the trial, he was contending that he had been provoked by the language and acts of the respondent Charles O. Childs. The trial judge framed his instructions not only with reference to the issues raised by the pleadings, but also with reference to those presented by the evidence. It was proper to instruct the jury on the issues raised by the pleadings and the evidence. It is difficult to understand how the instruction complained of was prejudicial to appellant.

The trial court further instructed the jury as follows:

"You are instructed that, in this action, to authorize the plaintiffs to recover, that they must prove, by the preponderance of the evidence, that the defendant falsely spoke of and concerning the plaintiff Bessie Childs substantially the words charged in the complaint, and when plaintiffs prove to the satisfaction of the jury that defendant falsely spoke or uttered of and concerning the plaintiff Bessie Childs the

words charged in the complaint, then they may recover such damages as they may have sustained."

Appellant now complains of the words, "when plaintiffs prove to the satisfaction of the jury that defendant falsely spoke," etc., and urge that the instruction should have told the jury to find the facts upon all the evidence, and that the allegations upon which respondents relied must be proven by a preponderance of the evidence, instead of being proven to the satisfaction of the jury without regard to the weight of the evidence. That was what the court did, for in this and other instructions the jury were told that they must base their findings of the facts and their verdict on the evidence. They could not have misunderstood the court, nor could they have been led into the erroneous belief that the proof could be to their satisfaction unless such proof was made and sustained by a clear preponderance of the evidence.

Appellant insists that the verdict is excessive. He uttered the slanderous words, of and concerning the respondent Bessie Childs, in the presence of numerous persons, upon a public street in the city of Spokane. The jury awarded $750 damages. The trial judge saw the parties and witnesses, heard them testify, and sustained the verdict. Under these circumstances we are unable to conclude that the damages are excessive.

The judgment is affirmed.

HADLEY, C. J., ROOT, MOUNT, and FULLERTON, JJ., concur.

DUNBAR and RUDKIN, JJ., took no part.