HOWARD *v.* WESTERN UNION TELEGRAPH COMPANY.

Opinion delivered February 10, 1913.

1.  TELEGRAPH COMPANY—NON-DELIVERY OF MESSAGE.—In an action for damages against a telegraph company, for mental anguish for failure to deliver a message apprising plaintiff of the death of her sister, there can be no recovery where the ground relied on by the plaintiff is intangible, visionary and remote. (Page 562.)

2.  ERROR AS TO NOMINAL DAMAGES—PRACTICE.—The addressee of a tele-
    gram is a beneficiary of the contract between the sender and the
    telegraph company, and when the company fails to perform the
    terms of the contract, he is entitled to recover nominal damages
    therefor; and while a judgment for the telegraph company will
    be reversed, it will not be remanded for a new trial, but judg-
    ment will be entered in the Supreme Court for nominal damages
    and for costs of the appeal.  (Page 563.)

Appeal from Benton Circuit Court; *J. S. Maples,*
Judge; reversed.

### STATEMENT OF FACTS.

The appellant set up in her complaint that she suf-
fered mental anguish and that appellee was liable for
damages to her on account of the negligent failure to de-
liver a telegram sent to her from Brushton, N. Y., by
her niece notifying her of the death of her only sister,
whereby she was deprived "of sending counsel and con-
solation to her deceased sister's children."

Appellant introduced evidence tending to show that
the appellee negligently failed to deliver the telegram
as alleged.  The appellant testified that her sister was
the only relative she had.  She had no knowledge of the
death of her sister until after the latter had been buried.
The telegram from her niece announcing the death of
appellant's sister was never delivered to her.  If appel-
lant had received the message she would have communi-
cated with the children.  She got a letter from one of her
nieces informing her of the illness of her sister.  Appel-
lant suffered "pain and worry."  She "worried almost
to death and walked to town nearly every day to see if
she could get a letter or hear anything."

After the testimony was introduced the court directed
a verdict and entered a judgment in favor of the appel-
lee, and the appellant duly prosecutes this appeal.

*Rice & Dickson,* for appellant.

1.  The court erred in holding that appellant failed
to make out a case because the proof failed to show that
she would have attended the funeral.  It is not a ques-
tion of attending or not attending the funeral, but as to

the mental pain and suffering caused by the delayed delivery of the message, from whatever source such pain and suffering may come, provided there is sufficient allegation in the complaint to cover it.   80 Ark. 557; 83 Ark. 39; 98 Ark. 347; 2 Am. & Eng. Ann. Cases, 52; 70 S. W. 229.

2.   If the message shows that it relates to sickness or death, and is, therefore, urgent, it is not necessary that it show either its purpose or the relationship of the sender to the addressee.   43 S. E. 841; 18 S. W. 604; *Id.* 709; 105 S. W. 155; 110 S. W. 543.

*H. C. Mechem,* for appellee.

1.   Appellant knew of her sister's illness, and was anxious on that account.   The only effect of the delivery of the telegram would have been to change her anxiety over the condition of her sister into grief over the fact of her death.   There could be no recovery of damages under such circumstances.   118 S. W. 1089.

2.   The burden was on appellant to show the damage for which appellee is liable as distinguished from other causes, and, failing to do so, only nominal damages could be recovered.   Since she failed to show the period of time during which her worrying existed by reason of appellee's negligence, she could in no event recover more than nominal damages.   116 Mass. 401; 103 N. Y. 28; 67 Atl. 1098; 48 So. 553; 51 So. 740; 67 S. W. 1023; 91 Tex. 178.   And the case should not be reversed in order to permit a recovery for mere nominal damages.   74 Ark. 361; 52 S. E. (Va.), 826; 86 N. E. 841; 106 N. W. 645; 75 Pac. 891; 78 Pac. 910.

WOOD, J., (after stating the facts).   Damages for mental anguish "over the real ills, sorrows and griefs of life and such suffering as would reasonably be contemplated to flow from the failure to acquaint the person with the tidings sought to be conveyed may be recovered under the statute."   Kirby's Dig. § 7947.   "There can be no recovery for imaginary situations or conditions of anxiety caused thereby."   *Western Union Tel. Co.* v. *Shenep,* 83 Ark. 476-481; *Western Union Tel. Co.* v. *Mc-*

*Kenzie,* 96 Ark. 218; *Western Union Tel. Co.* v. *McMullin,* 98 Ark. 347; *Western Union Tel. Co.* v. *Garlington,* 101 Ark. 491.

The ground of recovery relied on by appellant is too intangible, visionary and remote to constitute a cause of action for mental anguish under the statute. Appellant testified that she "worried almost to death and walked to town nearly every day to see if she could get a letter or hear anything." This shows mental anguish on account of the illness of her sister and on account of the failure to hear concerning her condition prior to her death. Appellant testifies that she would have communicated with the children had the message been delivered, but her testimony shows that after her sister was buried she had knowledge of her death, but it does not show that she attempted to give any consolation to the children, her nieces, after obtaining such knowledge of her sister's death. The telegram would only have revealed knowledge of her sister's death and that knowledge she had through other sources after her sister was buried.

So if appellee could have been liable at all it would have been for the mental anguish occasioned during the time intervening the time when the message should have been received and the time when appellant did actually receive knowledge of the death of her sister. The appellant fails to show how long that time was. She fails to show that she would have communicated with her nieces during that time, or that she did actually communicate with them after having knowledge of the death of their mother, her sister. The burden was on appellant and she fails to show that the failure to receive the telegram deprived her of the privilege of giving counsel and consolation to her nieces, even if this were a ground of recovery under the statute. But, as we have stated, damages on such grounds are not contemplated.

In *Western Union Tel. Co.* v. *Garlington, supra,* we quoted from *Western Union Tel. Co.* v. *Stratemeier,* 32 N. E. 871, as follows: "It is not proper to consider as a substantive element of damages any mental distress

arising out of sympathy with the sorrow of others.". And from *Allsop* v. *Allsop,* 5 H. & N. 536, "We ought to be careful not to introduce a new element of damages, recalling to what a large class of actions would apply and what a dangerous use might be made of it."

Appellant was a beneficiary of the contract between the. sender of the telegram and appellee. Appellee is entitled to recover nominal damages only for breach of the contract.

The judgment will be reversed, but the case will not be remanded for new trial. Judgment will be entered here for appellant for nominal damages and for costs of this appeal. *Dilly* v. *Thomas,* 106 Ark. 274; *Crutcher* v. *C., O. & G. Ry. Co.,* 74 Ark. 358; *Glasscock* v. *Rosengrant,* 55 Ark. 382; *Buckner* v. *Ry. Co.,* 53 Ark. 16.