WM. FOERSTER. & CO. *v.* FAULK-CHRISTIAN LUMBER CO.

[62 South. 648.]

BREACH OF CONTRACT. *Damages. Nominal damages.*

> In a suit upon a contract where the evidence shows a breach thereof, the plaintiff is entitled to recover at least nominal damages, though no actual damages be shown.

APPEAL from the circuit court of Green county.

HON. JOHN L. BUCKLEY, Judge.

Suit by Wm. Foerster & Company against the Faulk-Christian Lumber Company. From a judgment for defendant plaintiff appeals.

Appellants were plaintiffs in the court below and appellee was defendant. Suit was brought for breach of a contract between the parties, evidenced by a letter from plaintiffs to defendant, and marked "Accepted" by defendant. Said letter is dated November 30, 1904, and is as follows: "We confirm the conversation which we had with your Mr. Faulk to day, according to which we have bought of you, and you have sold to us, monthly, for the first six months of the year 1905, about twenty-five thousand feet kiln-dried pine saps, etc. [Here follows description of all lumber, and price f. o. b. Mobile, Ala.] Shipments to be made as steamer room for the desired ports becomes available. Terms of payment, net cash; eighty per cent. of the value of each monthly production to be paid on the first of each month by sight draft on us. You are to attach to the draft specifications showing the amount of each monthly production against which the above-stated advance is made; the remaining twenty per cent. we are to pay at the time of shipment."

The declaration alleged that the breach of the contract consisted in defendant's failing to deliver the quantity of lumber called for by the terms of the contract, to

plaintiffs' damage. A number of defenses were set up. It was alleged that plaintiffs failed to show any damage, and also that defendant had delivered to plaintiffs for the six months named the entire output of its mill, which had been forced to lie idle because of the congested con ditions, etc., and that it did the best possible under the circumstances; that plaintiffs had not given defendant sufficient notice in time to ship the lumber to Mobile to be loaded on the vessels of plaintiffs. The case was sub-mitted to a jury under instructions of the court, and a verdict returned for defendant.

*Rich & Hamilton,* for appellants.

Plaintiffs' charge as originally written contained the peremptory instruction except as to quantum of damages. The court changed it making recovery dependent upon damages *vel non.* This was clearly erroneous, and though the same was given, yet the error was not cured. 88 Miss. 732; 71 Miss. 283.

That it was error is certain because upon a breach of an obligation or duty the law imports damages. So that the quantum of damages is immaterial on the question of recovery.

This has been held as to tort in Mississippi in *Thomp-son* v. *N. O. & R. R.* 50 Miss. 315, and it was there held to be reversible error. If this be true of tort, *a fortiori* of contract.

Assignment of Error 55. The defendant's charge asked for a verdict for the defendant if no actual dam-ages were proven. This was erroneous as the law im-ports damages. (Authorities *supra.*) This was clearly error and a verdict actually followed the instructions be-cause of being, at least, in favor of the plaintiffs for nom-inal damages it was wholly for the defendant.

*Gex & Harrison,* for appellee.

There can be no merit in the technical ground taken by the appellant that it was entitled to a judgment at

least for nominal damages. We submit that that might be true in cases of tort because injury presupposes a right of recovery, because there is a remedy for every wrong, but in contract the plaintiff has not been damaged unless he can show that the contract has been broken and that thereby a loss has been incurred by him. Even if the appellant is right in that contention, all he would be entitled to would be nominal damages, and certainly it would not be necessary to reverse this case in order that he might get a judgment for nominal damages which could be adjudged to him in this court.

COOK, J., delivered the opinion of the case.

We can find no error in this record, except the instructions, which seem to peremptorily charge the jury to find for the plaintiffs all actual damages sustained by the breach of the contract sued on, but to find for the defendant unless the evidence convinced the jury that plaintiffs sustained some appreciable actual damages. It is evident that the contract was breached by defendant, and the jury's verdict was to the effect that plaintiffs failed to prove actual damages; nevertheless plaintiffs were entitled to recover nominal damages, and for the trial court's failure to so instruct the jury the judgment is reversed, and judgment will be entered here in favor of plaintiffs for one dollar, and all costs of both courts.