(October 25, 1921.)

ITHA NEWMAN, an Infant, by ROBERT NEWMAN,
Her Guardian ad Litem, Respondent, v. OREGON
SHORT LINE RAILROAD COMPANY, a Corpora-
tion, Appellant.

[201 Pac. 710.]

APPEAL AND ERROR—ABSENCE OF EVIDENCE FROM RECORD—INSTRUC-
TIONS—PRESUMPTIONS.

1. Where on account of the death of the court reporter no
transcript of evidence can be furnished on appeal, but by stipula-
tion of counsel a bill of exceptions is prepared in lieu thereof
and settled by the trial judge, including the instructions requested
by counsel and those given by the court, it will be presumed that
there was competent evidence introduced without objection at the
trial which justified the instructions given by the court.

2. The question of the applicability of instructions refused can-
not be considered by the appellate court unless the evidence is in
the record on appeal, or unless clearly erroneous under any sup-
posed state of facts.

APPEAL from the District Court of the Ninth Judicial
District, for Bonneville County. Hon. Jas. G. Gwinn, Judge.

Action for personal injury. Judgment for plaintiff.
*Affirmed.*

George H. Smith and H. B. Thompson, for Appellant.

Jas. S. Byers and J. H. Peterson, for Respondent.

Counsel cite no authorities on points decided.

BUDGE, J.—This action was brought by respondent against appellant to recover damages for personal injuries. Judgment was had in favor of respondent. This appeal is from the judgment.

The record discloses that proper application was made to the court below for an order directing the court reporter to furnish appellant with a transcript of the evidence, but before the transcript was furnished the reporter died. By stipulation of counsel a draft of a bill of exceptions, embracing the instructions requested by appellant and respondent, including the court's rulings thereon and instructions given by the court, was prepared, and it was stipulated that the same should be settled as and for a bill of exceptions in lieu of the reporter's transcript.

The errors upon which appellant relies for a reversal of the judgment are, that the court erred in giving instructions numbers 3, 4 and 6, and in refusing appellant's requested instructions numbers 2, 6 and 10, giving said instructions as modified as instructions 18, 15, and 13, respectively; and in refusing to give appellant's instruction number 4. It is not our purpose to set out *in haec verba* any of the instructions given or refused, or given as modified and complained of, for the reasons as will presently appear.

We have examined the pleadings and in our opinion the instructions that were given by the court are substantially based upon and are applicable to the pleadings. None of the instructions given contradict the affirmative allegations of fact set up in appellant's pleading. But even though it be conceded that the instructions are not within the bounds of the issues raised by the pleadings, it was proper for the court to instruct the jury on the issues raised by the plead-

ings and the evidence. (*Childs v. Childs,* 49 Wash. 27, 94 Pac. 660.)   We think the sound rule to be that the instructions have no connection with the pleadings except through the evidence.   The jury find from the evidence and not from the pleadings.   (2 Thompson on Trials, sec. 2310.) It will be presumed that there was competent evidence introduced without objections that justified the court's instructions.   When competent evidence is received without objections upon any particular ground not covered by the complaint, the court may assume that the complaint is as broad as the evidence, when charging the jury, and the complaint will be deemed amended to conform to the evidence and charge, since the amendment, if consistent with the cause of action stated in the complaint, could have been made as of course at the trial. (*Schwaninger v. McNeeley & Co.,* 44 Wash. 447, 87 Pac. 514, at 517.)   In the absence of a contrary showing, it will be presumed that the amendment was so made.

It is held in the case of *Woolley v. State,* 8 Ind. 502, that: "If the evidence be not in the record, instructions given will be regarded as pertinent to the case made, unless clearly erroneous under any supposed state of facts; and instructions refused will, in that state of the record, be presumed to have been irrelevant." (See, also, *Morton v. Stevens,* 5 Ind. 520, *Independent & Oxford Plank Road Co. v. Doty,* 7 Ind. 581, *Abrams v. Smith,* 8 Blackf. (Ind.) 95, *Downey v. Day,* 4 Ind. 531, *Harvey v. Laflin,* 2 Ind. 477, *Town v. McConnell,* 8 Kan. 273, and *State v. Jones,* 28 Ida. 428, 154 Pac. 378.)   So with refusal of instructions, if the record does not show that they were applicable to the case made by the evidence, the refusal to give the instructions is not error.   The question of the applicability of instructions refused cannot be determined in this court unless the evidence is in the record, and we must presume that they were not applicable to the case. (*Fuller v. Wilson,* 6 Blackf. (Ind.) 403; *Clark v. Wildridge,* 5 Ind. 176.)

From what has been said it follows that the judgment must be affirmed, and it is so ordered. Costs are awarded to respondent.

Rice, C. J., and McCarthy, Dunn and Lee, JJ., concur.