(December 22, 1922.)

## CHARLES W. SNOOK, Respondent, v. C. P. OLINGER, Appellant.

[211 Pac. 559.]

BREACH OF CONTRACT — MEASURE OF DAMAGES — MOTION TO STRIKE TESTIMONY—SHOULD BE LIMITED TO OBJECTIONABLE PART.

1. The measure of damages for breach of a contract to deliver hay is the difference between the agreed purchase price of said hay and the market price of similar hay in that vicinity, at the time the hay was to have been delivered.

2. Where one contracts to sell and deliver hay upon his premises, with the further condition that it may be fed to the purchaser's livestock thereon, and such agreement is broken by refusal to deliver, the added cost of securing another place to feed hay purchased to take its place may be considered as an element of damages for such breach of the agreement.

3. Where a motion is made to strike the entire testimony of a witness, and parts of such testimony are relevant and competent, the motion is too general, and should be denied.

APPEAL from the District Court of the Sixth Judicial District, for Lemhi County. Hon. F. J. Cowan, Judge.

Action for damages for breach of a contract to sell hay. From judgment for plaintiff, defendant appeals. *Affirmed.*

John H. Padgham and J. L. Eberle, for Appellant.

The court erred in refusing to strike out the evidence of the plaintiff as to what he paid for hay in January following the alleged transaction, as the true measure of damages in a case of this kind is the difference between the price named in the contract of sale and the price of the same or like article in the market at the place and at the time the property was to be delivered. (24 R. C. L., p. 69, par. 355, and authorities cited in note 17; 35 Cyc. 633, and authorities cited in note 32; *Trego v. Arave,* 20 Ida. 38, 116 Pac. 119, 35 L. R. A., N. S., 1021; 5 Elliott on Contracts, sec. 5108; *Marshall v. Clark,* 78 Conn. 9, 112 Am. St.

84, 60 Atl. 741; *Gaunt v. Ralston Purina Co.*, 198 Fed. 60; *Montana L. S. & L. Co. v. Stewart*, 58 Mont. 221, 190 Pac. 985; *Church v. Zywert*, 58 Mont. 102, 190 Pac. 291; *Kingfisher M. & E. Co. v. Westbrook*, 79 Okl. 188, 192 Pac. 209; *St. Regis L. Co. v. Turner L. & M. Co.*, 30 Ida. 555, 166 Pac. 254.)

Whitcomb, Cowen & Clark, for Respondent.

The purchaser was entitled to recover the difference between the contract price and that paid by the purchaser for hay to supply the place of that which the seller failed to deliver. (*Love v. Barnesville Mfg. Co.*, 3 Penne. (Del.) 152, 50 Atl. 536; *Hartnett v. Baker*, 4 Penne. (Del.) 431; 56 Atl. 672; *McFadden v. Henderson*, 128 Ala. 221, 29 So. 640; *Christopher & Simpson Architectural Iron & Foundry Co. v. Yeager*, 105 Ill. App. 126; 202 Ill. 486, 67 N. E. 166.)

The seller failing to make delivery is liable for the necessary additional expense incurred by the buyer in buying other food for his cattle. (*Chalice v. Witte*, 81 Mo. App. 84; *Gallagher v. Baird*, 170 N. Y. 566, 62 N. E. 1095; *Miller v. Stern*, 55 N. Y. Supp. 765; 25 Misc. 690; *Downey v. Hatter* (Tex. Civ. App.), 48 S. W. 32; *Edgeworth v. Talerico* (Tex. Civ. App.), 95 S. W. 677; *Kelley, Maus & Co. v. La Cross Carriage Co.*, 120 Wis. 84, 102 Am. St. 971, 97 N. W. 674; *Kavanaugh Mfg. Co. v. Rosen*, 132 Mich. 44, 102 Am. St. 378, 92 N. W. 788.)

LEE, J.—This is an action to recover damages for an alleged breach of contract for the sale of hay. It appears that in December, 1919, appellant Olinger entered into an agreement with one Seth Ball, who was acting through his son as his agent, whereby appellant agreed to sell Ball fifty tons of hay at $18 per ton. Appellant was given a check for $50 on the purchase price, which check contained the following memorandum: "Part payment for fifty tons of hay at $18.00 per ton, to be measured on or before Jan. 1, 1920." Ball afterward assigned this agreement to respondent, with appellant's knowledge and consent. On

December 24th thereafter, respondent went to appellant's ranch and requested that this hay be measured, at the same time tendering him the remainder of the purchase price, and demanded delivery of the hay, which was refused, appellant having in fact sold the hay to another party. He offered, however, to return said check previously given him on the purchase price by Ball.

The complaint sets up three causes of action. The first states the facts with regard to the purchase of the hay substantially as here stated, and alleges that appellant refused to accept the balance of the purchase price or to measure or deliver said hay, that respondent had been and would be required to purchase this amount of hay elsewhere, at an advanced cost of $677.50, and asks damage in this amount. The second cause of action is for the said $50 advanced by Ball on the purchase price, but appellant having paid this amount into court, this second cause of action may be disregarded. The third cause of action is for damages caused by reason of the breach of the part of the alleged agreement whereby respondent was to be permitted to feed this hay to his stock on appellant's premises.

The jury returned a general verdict in favor of respondent in the sum of $667.50, upon which judgment was entered, and from this judgment and from the order denying appellant's motion for a new trial this appeal is taken.

Appellant assigns error: (1) that the court refused to strike the testimony of respondent as to what he paid for hay to replace the hay which appellant had failed to furnish, on the ground that this is not a correct measure of damages; (2) that the court erred in refusing defendant's requested instructions Nos. 4 and 5; (3) that the court erred in denying appellant's motion for a new trial.

It is conceded that the court correctly instructed the jury with regard to the measure of damages, but it is contended that the testimony relating to what respondent was required to pay for hay with which to replace that purchased from appellant, delivery of which was refused, was incompetent and should have been stricken. What one may pay for an

article is not necessarily a correct measure of its value, but an examination of the record discloses that the hay respondent was required to purchase by reason of appellant's breach of this contract was purchased soon after appellant refused to deliver, and that respondent was diligent and appears to have purchased the hay elsewhere at the best price for which it could be obtained. The jury evidently so found, and its verdict is supported by evidence to warrant such finding. In any event, the motion was to strike all of the testimony of the witness, and was properly denied, because it is apparent that much of the testimony of this witness was competent, and that the motion was too general.

The second assignment is predicated upon the refusal of the court to give appellant's requested instructions Nos. 4 and 5, which are based on a claim that the foregoing recital upon the check given in part payment that the hay was to be measured on or before January 1, 1920, was subject to being contradicted by a later parol agreement that the hay was to be measured and paid for at an earlier date. The evidence does not support such contention, and the requests were properly refused.

The instructions as a whole fairly cover the issues presented by the pleadings, and correctly state the law with regard to the measure of damages, to the effect that if the jury find for the plaintiff, the measure of damages would be the difference between the purchase price of said hay at the agreed price thereof, and the market price of hay in the vicinity of the premises of appellant at the time the hay was to be delivered.

We find no reversible error in the record, and the cause is affirmed, with costs to respondent.

Rice, C. J., and Budge, McCarthy and Dunn, JJ., concur.