EMMA J. BELOIT, Appellant, v. C. W. GREEN, Respondent.

[251 Pac. 621.]

Evidence—Proof of Letters—Error in Instructions not Ground for Reversal — Attorney's Fee not Recoverable — Wrongful Levy of Execution—Nominal Damages.

1. Mere receipt of letters, though on official stationery, standing alone, is not evidence that they were written by the person whose name they bear.

2. Where there is no direct knowledge of handwriting, there must be something which assures recipient of letters in a responsible way of their genuineness before he can swear to their writer.

3. Letters from bank do not show wrongful levy of execution was cause of its holding up loan to owner of land, most of them being written before levy, and all referring merely to action and attachment.

4. If under no theory could plaintiff recover, it is not ground for reversing judgment against him that there was error in giving or refusing instructions.

5. In the absence of statute, malice, bad faith and want of probable cause, attorney's fees are not an element of damages in action for wrongful levy of execution and sale thereunder, though plaintiff had successfully maintained action to quiet title against the sale.

6. For levy of execution on property of another than judgment debtor and sale thereunder, owner is entitled to nominal damages, none other being shown.

7. Where only error is in granting judgment for defendant instead of judgment for nominal damages for plaintiff, remand for new trial is unnecessary, but error can be cured in appellate court.

APPEAL from the District Court of the Tenth Judicial District, for Nez Perce County. Hon. Miles S. Johnson, Judge.

Action for damages for wrongful levy of execution. Judgment for defendant. *Reversed and remanded.*

Publisher's Note.
1. See 10 R. C. L. 1094.
4. See 2 R. C. L. 256.
6. See 10 R. C. L. 1397.

See Appeal and Error, 4 C. J., sec. 3026, p. 1042, n. 34; sec. 3228, p. 1191, n. 32.
Damages, 17 C. J., sec. 59, p. 721, n. 56.
Evidence, 22 C. J., sec. 1109, p. 906, n. 76; sec. 1160, p. 943, n. 43.
Executions, 23 C. J., sec. 1223, p. 972, n. 11; sec. 1232, p. 976, n. 3; sec. 1236, p. 977, n. 38; sec. 1240, p. 980, n. 10; p. 981, n. 26.

Benjamin F. Tweedy, for Appellant.

Where a tort-feasor acted in good faith and made an "honest, but illegal, attempt" to collect his claims by due process of law, he is liable for actual damages, including attorney's fees. (*Anderson v. Sloane*, 72 Wis. 566, 7 Am. St. 885, 40 N. W. 214.)

Actual damage proximately caused by the tortious and unlawful acts of the respondent, including attorney's fees paid in former action to free the real estate and including loss by reason of appellant's loan at five per cent being canceled and the delay in procuring the loan, are recoverable in the instant action. (*Gregory Grocery Co. v. Beaton*, 10 Kan. App. 256, 62 Pac. 732; *Vaught v. Jonathan L. Pettyjohn & Co.*, 104 Kan. 174, 178 Pac. 623; *Jackson v. Stanfield*, 137 Ind. 592, 36 N. E. 345, 37 N. E. 14, 28 L. R. A. 588.)

The letters were sufficiently authenticated, and the court erred in rejecting them. (17 Cyc. 409–411; *Flournoy v. Warden*, 17 Mo. 435.)

Fred E. Butler and Edward C. Butler, for Respondent.

A creditor may levy a writ of attachment or writ of execution upon the interests of a debtor on real property standing on the records in the county in the name of another person. (C. S., secs. 6784, 6917.)

One cannot claim damage for wrongful execution whose title is involved in the litigation. (*Gilkerson-Sloss Com. Co. v. A. Baldwin & Co.*, 47 La. Ann. 696, 49 Am. St. 374, 17 So. 246.)

Where an interest in property is wrongfully sold and the interest has no actual value, only nominal damage can be recovered. (*Geisendorff v. Eagles*, 70 Ind. 418.)

TAYLOR, J.—This is an appeal from a judgment for defendant in an action for damages by reason of a levy upon and sale of lands of plaintiff under an execution issued upon a judgment rendered against her husband. Plaintiff

recovered a judgment against the defendant quieting her title in the lands as against this levy and sale. She then brought this action. As elements of damage, plaintiff alleged that she had applied for and was procuring a loan upon this land from the Federal Land Bank of Spokane; that the title had been approved, the note and mortgage executed; that the bank had accepted the note and mortgage, and intended to immediately pay this money to the plaintiff, but that before its payment defendant levied this execution, proceeded to sell the land, "and thereupon and because of the defendant making the plaintiff's title defective, and because of the levy of the said execution and the proceedings against the said land," the bank canceled the loan and refused to make it; that after quieting her title she secured this loan from the bank, but was compelled to pay five and one-half per cent interest; that she was damaged in one-half of one per cent upon the face of this loan for the life of the mortgage, some thirty-four years, and four per cent for a period of two years upon $2,500 by having to pay nine per cent per annum upon a mortgage upon the land, in that amount, then due and owing, $150 paid as attorney's fees in the action to quiet title, and $500 for worry and annoyance, time devoted to quieting her title, traveling expenses and hotel bills incident to quieting her title. She asked for $1,000 for "malicious use of the process," "in addition to the said actual damages."

Appellant introduced the judgment-roll in the action to quiet title, the execution with the sheriff's return thereon of the sale, the note claimed to have been first made to the Federal Land Bank and canceled, the $2,500 mortgage with proof of its payment, and offered exhibits "D," "E," "F" and "I," four letters, to establish that the loan had been granted and thereafter canceled because of this levy and sale. These exhibits were excluded. Appellant, during the trial, waived all question of "punitive" or "exemplary damages," or "bad faith," and limited the issues "to the recovery of actual damages and nothing else."

The appellant specifies as error improper cross-examination of plaintiff, the overruling of objections to certain evidence of the defendant, the giving of certain instructions and the refusal of others, and the exclusion of exhibits "D," "E," "F" and "I." Exhibits "D," "E" and "I" purported to be letters on the stationery of the Federal Land Bank of Spokane, and "D" and "E" purported to have been addressed to the witness Stamper, secretary and treasurer of the Craig Mountain National Farm Loan Association, and exhibit "I" to the North Idaho Title Company, which a witness testified the company received. It purported to be an answer to a letter not offered written by the witness. The witnesses were unable to identify the signature of the writer or give evidence that he was an official of the bank, and did not know but presumed they came from the bank. Exhibit "F" was a copy made by the witness Stamper of a letter written by him to the county auditor prior to the levy, purporting to contain statements of fact by way of answers to questions therein, with no showing as to who made the answers or that they were true, or in whose handwriting they were made upon the original.

[1, 2] The mere receipt of letters, though on official stationery, standing alone, is not evidence that they were written by the person whose name they bear. (*State v. Hall*, 14 S. D. 161, 84 N. W. 766; *Pinkham v. Cockell*, 77 Mich. 265, 43 N. W. 921; *White S. M. Co. v. Gordan*, 124 Ind. 495, 19 Am. St. 109, 24 N. E. 1053; *Hightower v. Ogletree*, 114 Ala. 94, 21 So. 934; *Flowers v. Fletcher*, 40 W. Va. 103, 20 S. E. 870.) Where there is no direct knowledge of handwriting, there must be something which assures the recipient of letters in a responsible way of their genuineness, before he can swear to their writer. (*Pinkham v. Cockell, supra.*) There was no error in excluding these letters.

Even conceding the identification of these exhibits, they were properly excluded upon other objections made; for instance, as to exhibit "D," a letter written January 24, 1918, eight days before the levy, that—

" . . . . It will be necessary to take the deposition of that person to prove the letter or prove that it was in reference to the case at issue. The witness is not now an officer of any association connected with the Federal Land Bank. . . . . It is not the official act of the Federal Land Bank, and not a way of proving the official act of the Federal Land Bank."

This objection was not overcome or the letter made competent by the statement of counsel for appellant that "I am just simply showing that the Federal Land Bank had notice of this" and "had notice of this attachment on this property and for no other purpose."

Exhibits "E," "F" and "I" were properly excluded upon similar objections and for reasons similarly fatal.

[3] The judgment of *Green v. Beloit* was entered December 1, 1917. The execution was not issued until January 30, 1918, nor levied until February 1, 1918, and the sale was made February 22, 1918. Three of these letters were written before the levy, and referred to an "attachment" as the reason, if any, for holding "the whole matter in abeyance." The fourth, written afterwards, made no reference to a levy, but referred to the attachment, and recites:

"You will remember that this loan has been held up owing to the action commenced by *C. W. Green vs. G. W. Beloit* to recover the sum of $1428.70, which amount appears of record in the shape of an attachment against the property."

It would have appeared that the loan was held "in abeyance" "owing to the action" commenced by defendant against plaintiff's husband. There is no pleading or proof of an attachment, nor could there have been an attachment after judgment. The plaintiff does not complain, nor could she, of the action against her husband or the judgment therein, nor of its effect upon the mind of the prospective mortgagee or upon the title of her comortgagor. In fact, these letters would establish that the loan was disapproved or "held in abeyance" before that time. At most, the letters did not prove notice of the levy or any action of the bank by reason thereof, nor were they, by their mere receipt, competent evidence of official acts of the bank or its officers.

The record is wholly lacking to establish that the refusal of the bank to approve the loan was due to the levy of execution or sale. The plaintiff made no proof that interest had advanced from five per cent to five and one-half per cent, other than that she agreed to pay five per cent at first and later agreed to pay five and one-half per cent, or of her inability to secure the money at five per cent or at any other figure, or that she did not have the funds to pay off the $2,500 mortgage, or could not have secured them at five per cent or at any other per cent less than nine, or of loss of time, or expense of traveling or hotel bills (*Tarr v. Oregon Short Line R. Co.,* 14 Ida. 192, 125 Am. St. 151, 93 Pac. 957), or of worry or annoyance. There was no pleading or evidence of injury to the land, or of interference with the possession or enjoyment thereof. There was no evidence of worry and annoyance, and they could not in any event, if at all, be the basis of damage in the absence of malice or want of probable cause. It is therefore unnecessary to decide either whether any of these alleged elements of damage, other than attorney's fees or nominal damages, are recoverable either in the presence or absence of proof of malice or want of probable cause, both of which had been waived.

[4] If under no theory could the plaintiff recover, the erroneous giving or refusal of instructions is not reversible error. (*Meservy v. Idaho Irr. Co., Ltd.,* 37 Ida. 227, 217 Pac. 595; *Snook v. Olinger,* 36 Ida. 423, 211 Pac. 559; *Newman v. Oregon Short Line R. Co.,* 34 Ida. 417, 201 Pac. 710; 4 C. J. 1041; 38 Cyc. 1618, n. 35; 17 C. J. 1065, 1066.)

[5] The instruction that the jury might allow attorney's fees expended in the action to quiet title was properly refused. The legislature has provided in some instances, such as mortgage foreclosures, suits upon notes and other contracts where the allowance of attorney's fees has been contracted for, suits upon injunction bonds, actions upon labor liens, and perhaps others, that attorney's fees are properly recoverable. The ordinary action to quiet title is no different, in the rights

of the plaintiff to recover, or the obligation of the defendant to pay, attorney's fees, than any other litigation in which no such provision is made. In fact, as to a defendant defaulting or disclaiming any interest or estate in the property, the plaintiff cannot even recover costs in the original action. (C. S., sec. 6962.)

We find no support in the policy of the law requiring a bond for the issuance of a writ of attachment upon which the right to recover is solely a creature of statute, and in the allowance of attorney's fees as damages for the wrongful issuance thereof (*Moseley v. Fidelity & D. Co.*, 33 Ida. 37, 189 Pac. 862, 25 A. L. R. 564), for declaring, in the absence of statute or of malice and want of probable cause, that one in good faith seeking to collect a judgment by a *bona fide* levy of execution should, in an action for damages, be liable for attorney's fees incurred by the opposite party in a test of such right. (*Hays v. Windsor*, 130 Cal. 230, 62 Pac. 395; *Adams v. Gillam*, 53 Kan. 131, 36 Pac. 51; *Abohosh v. Buck* (Ky.), 43 S. W. 425; *Bonds v. L. Garvey & Co.*, 87 Miss. 335, 39 So. 492.)

It would seem that the measure of damages in this action, so far as attorney's fees being an element, would be no different from that provided by C. S., sec. 7171, upon a sale under execution on a judgment thereafter reversed, and that attorney's fees would not be an element of damages properly allowable. (*Dowdell v. Carpy*, 137 Cal. 333, 70 Pac. 167.) In the absence of statute or of any malice, bad faith or want of probable cause, attorney's fees were not recoverable herein.

[6] The evidence being, therefore, wholly lacking as to actual damages, the plaintiff could recover, if at all, nothing but nominal damages. Damages may be recovered for an execution levied upon property of a person other than the judgment debtor. (23 C. J., sec. 1223, p. 972; sec. 1232, p. 975.) A wrongful execution and injury will support a verdict for nominal damages in the absence of proof of any other or actual damages. (17 C. J., sec. 59, pp. 720, 723.) It was the duty of the court, under the circum-

stances, to instruct the jury to render a verdict in favor of the plaintiff for nominal damages. (*Brent v. Kimball,* 60 Ill. 211, 14 Am. Rep. 35.)

[7] Having determined that there was no error in the exclusion of the offered evidence, and no theory upon which the plaintiff could have recovered, upon the evidence, other than nominal damages, we need not discuss the other errors assigned. This court will not, however, reverse an action and remand it for a new trial because of the failure of the court to instruct the jury to render a verdict for nominal damages, where it constitutes the only reversible error. That error can be cured here. (*Howard v. Western Union Tel. Co.,* 106 Ark. 559, 153 S. W. 803; *Jones v. Western Union Tel. Co.,* 101 Tenn. 442, 47 S. W. 699; *Ely v. Parsons,* 55 Conn. 83, 10 Atl. 499; *Wm. Foerster & Co. v. Faulk-Christian Lbr. Co.,* 105 Miss. 612, 62 So. 648.)

The judgment is therefore reversed, and judgment ordered entered in favor of plaintiff in the sum of one dollar, nominal damages, and the costs of this appeal.

Wm. E. Lee, C. J., and Budge and T. Bailey Lee, JJ., concur.

Givens, J., dissents.