(July 5, 1923.)

WILSON M. VAN SICKLE and LAURA F. VAN SICKLE, Respondents, v. J. C. BARNETT, A. R. STEPHENS, as Constable, J. F. HOBART and D. S. WHITTEMORE, as Sureties, Appellants.

[216 Pac. 1038.]

WRONGFUL LEVY OF EXECUTION—CLAIM OF EXEMPTION—ACTION FOR DAMAGES.

Where, following the levy of an execution on certain money, the filing by defendant of a proper claim of exemption, and the stipulation by both parties that the decision shall abide the determination of a similar case on appeal, the plaintiff, in violation of such stipulation, procures the issuance and levy of an *alias* execution and collects the money, the defendant is not

compelled to further prosecute the pending claim of exemption, but may bring an action for damages to determine both the status of the money and the liability of the parties who procured the levy and collected the money.

APPEAL from the District Court of the Ninth Judicial District, for Fremont County. Hon. James G. Gwinn, Judge.

Action for damages for wrongful levy of execution. Judgment for plaintiff. *Affirmed.*

Otis M. Van Tassel, for Appellants.

It was necessary for the respondents, if they desired to avail themselves of their exemption privileges, to make their claim to the probate court from which the writ issued. (C. S., sec. 6797; 11 Stand. Ency. of Proc. 495; *Smith v. Smith,* 20 Ala. 197, 75 So. 955; *Boot v. Boyd,* 37 Cal. App. 545, 174 Pac. 352; *Brown v. Woolwine,* 107 Kan. 258, 191 Pac. 276.)

Wilkie & Wilkie, for Respondents.

''Where a sheriff sells exempt property after he has been notified of the exemption he is liable to the owner for the resulting damage.'' (35 Cyc. 1647, 1687.)

''An execution creditor is liable for wrongful execution directed by an attorney whom he has retained generally to conduct the suit or to recover the amount of the judgment.'' (17 Cyc. 1573.)

McCARTHY, J.—This is an action to recover, with interest, $256.77, the amount collected by appellant Stephens as constable on an *alias* execution, out of funds belonging to respondents, attached while in the possession of the First National Bank of Ashton, Idaho. On December 31, 1914, respondents owned a certain eighty acres of land in Fremont county, and filed, in the office of the recorder of that county, a declaration of homestead upon it. On December 21, 1915, respondents sold this land and eight shares of stock in the canal company and received in cash $1,000, which was de-

posited, in the name of Laura F. Van Sickle, one of the respondents, in the Security State Bank of Ashton, in which bank she had at that time a credit balance of $12. On the same day, no other deposits having been made, she withdrew $1,000 from that bank, and deposited it in her name in the First National Bank of Ashton, where she had no other funds at that time or at any of the times mentioned in the complaint. On January 13, 1916, appellant Barnett, who had previously obtained a judgment against respondent Wilson M. Van Sickle, procured an execution from the probate court of Fremont county and placed the same for service in the hands of appellant Stephens, who served it and a notice of garnishment upon the First National Bank and attached the funds of Laura F. Van Sickle on deposit there, amounting at that time to $881.81. On the return made by the bank on the notice of garnishment the cashier made the following notation: "The bank has received notice that above moneys are claimed as exempt. Notice hereto attached."

On April 1, 1916, respondent Wilson M. Van Sickle filed in the probate court an amended claim of exemption, whereby respondents claimed the money attached was exempt from execution. On April 13th, while this claim of exemption was still pending and undisposed of, appellant Barnett caused an *alias* execution to be issued by the probate court and placed in the hands of Stephens with instructions to satisfy the same out of the funds of respondents on deposit in the bank. On April 14th, respondent Wilson M. Van Sickle set out the grounds of his claim of exemption in an affidavit which was served upon appellant Stephens. Verbal notice was also given Stephens of said claim of exemption. On the 15th of April Stephens collected $256.77 of the funds and applied it to the satisfaction of the execution. On April 10, 1916, a stipulation was entered into between the attorneys for respondent and appellant Barnett whereby it was agreed that decision on the respondents' claim of exemption should be withheld until the decision of an appeal taken to the district court on a similar claim of exemption in the case of *Hans A. Nielson, Plaintiff, v. Wilson M. Van Sickle and Laura F. Van*

*Sickle, Defendants,* should have been decided and that the decision of the district court in that case should be controlling in the instant case. On January 4, 1917, this appeal in the case of *Nielson v. Van Sickle* was ordered dismissed on the ground that it was taken from an order of the probate court from which no appeal would lie, and so the question of the validity of the claim of exemption was not settled by that case. On November 9, 1917, respondents voluntarily dismissed the claim of exemption filed in the probate court in the instant case.

Appellants contend: (1) that the $1,000 received by respondents lost its identity as exempt proceeds when it was deposited in the Security State Bank to the credit of Laura F. Van Sickle and commingled with the funds then on deposit and that the $1,000 deposited in the First National Bank was not exempt from execution; (2) that the constable Stephens when he served and returned to the probate court the execution issued January 12, 1916, had no notice that the money was claimed as exempt proceeds; (3) that when he made his return on the said execution he placed all question as to the exempt character of the funds before the probate court; (4) that it was necessary, in order to avail themselves of the exemption privileges, for the respondents to make their claim for exemption to the probate court from which the execution issued; (5) that respondents by voluntarily dismissing their claim of exemption filed in the probate court relinquished any right which they might have had in the attached funds; (6) that the funds on deposit in the bank were not, without any action on respondents' part, exempt from execution.

If the $1,000 be deemed to have been commingled with the $12 already in the bank, at the most only $12 of it could possibly be confused, for that is the extent to which $1,000 can be commingled with $12. But the $1,000 was not commingled with other funds by respondents, for the money was placed in the bank by James L. Wood, who bought the land. On the contrary, it is apparent that an effort was made to keep

it separate, for respondents immediately transferred it to the First National Bank.

When the constable served and returned the first execution he had no notice. The return made by the bank to the notice of garnishment was made to the court, not the constable. But it was not on this execution that he collected the money. He had notice direct from respondents immediately prior to his collection of the money under the *alias* execution.

Respondents made their claim of exemption on the first execution and the question whether the funds were exempt was properly raised in the probate court. It was stipulated that the decision was to await the decision of a similar case on appeal. In violation of this stipulation appellant Barnett secured an *alias* execution from the court in which the matter was pending and collected the money. Respondents were not required to continue to prosecute their claim of exemption in the probate court but had the right to bring the present action in which both the status of the fund and the liability of the appellants might be decided.

The judgment of the district court is affirmed, with costs to respondents.

Dunn, William A. Lee and Wm. E. Lee, JJ., concur.