Argued October 15; affirmed November 12, 1930

## BROWN ET UX. *v.* BRIGGS

(292 P. 1034)

*A. W. Schaupp* of Klamath Falls for respondents.

*John Irwin* of Klamath Falls (Oneill & Irwin of Klamath Falls on the brief) for appellants.

BROWN, J. It is a presumption that a written contract truly sets forth the intention and understanding of the parties thereto. Therefore, the burden of proving the original contract, and the existence of the alleged mutual mistake, is on the one who seeks to have the writing reformed: *L. B. Menefee Lbr. Co. v. Gamble,* 119 Or. 224 (242 P. 628). This court has over and over again announced the rule that a court of equity should never decree reformation of a written

contract by omitting certain material words and inserting others in their stead, except upon proofs that are clear, full, cogent and convincing. See *Menefee Lbr. Co. v. Gamble,* supra, and the collection of Oregon cases therein cited. See, also, the later cases of *Sneed v. Santiam River Timber Co. et al.,* 122 Or. 652 (260 P. 237) ; *Southeast Portland Lbr. Co. v. Heacock et al.,* 128 Or. 248 (275 P. 28).

██ We have read the testimony of record with care; and from our deliberation thereof it is our opinion that the facts found by the trial court were correct, and that the decree was fully justified. The plaintiffs' case is strong, and is supported by an abundance of testimony to the effect that, through the mutual mistake of the parties hereto, lands were described in the contract and deed that were not owned by these plaintiffs, but which they had previously conveyed. No good purpose would be served by encumbering the record with a detailed narration of the testimony adduced. We cite, as an example, however, one excerpt therefrom, which evidences the fact that the property sold was incorrectly described in the instruments of conveyance. It appears that following the discovery by the plaintiffs of the mutual mistake in the description of the property, plaintiff H. D. Brown advised defendant Charles A. Briggs of the fact that the contract and deed attempted to convey more land than was intended, and that Briggs at first agreed to the correction, but, later in the day, declared that, ''I have found out I can hold both properties. * * * I know some law myself,'' to which the plaintiff replied, ''I don't know any law; but I know what I sold you, and you know what you bought.'' In the opinion of the writer, this conversation sheds much light on the character of defendant Briggs, and clearly implies

an utter lack of sincerity and integrity as regards the matter under consideration.

Among other things, the court found that:

·''On or about the 15th day of March, 1929, plaintiffs, H. D. Brown and Nita Brown, his wife, entered into a written contract with defendants Charles A. Briggs and Mary Lee Briggs, his wife, in which contract plaintiffs, being the parties of the first part * * *, intended to convey the real property heretofore described and owned by them;

''That, by a mistake of the scrivener who drew the said contract, and by the mutual mistake of plaintiffs and defendants, instead of the property described in paragraph. IV of these findings, said contract described the following described real property situate in Klamath county, Oregon, and more particularly described as follows, to-wit:

''Parcel No. 1. Beginning at the northeast corner of lot No. 5, subdivision of block 125 in Mills addition to the city of Klamath Falls, Oregon, and running thence westerly along the north line of said lot 5, 29.5 feet; thence south 98 feet to an intersection with the northerly line of the U. S. Government 'B' lateral canal right of way, at a point 50 feet easterly at right angles from the west line of lot 4 in said subdivision of block 125 if extended north; thence southeasterly along said canal right of way to the northerly line of Orchard avenue; thence northeasterly 25 feet to the southeast corner of lot 5; thence northwesterly along the easterly line of said lot 5 to the place of beginning. Also parcel No. 2. Beginning at a point in the south line of said lot 4, 50 feet east of the southwest corner thereof, and running thence east and northeast along the southerly boundary of said lot 4, 72.1 feet to the southerly line of the U. S. Government 'B' canal right of way; thence northwesterly along said right of way line to a point 50 feet east at right angles from the west line of said lot 4; thence south, 53.4 feet to the place of beginning.

''The plaintiff was not the owner of all of said property described in said contract and deed on said

date, but was the owner of only that portion thereof which plaintiff intended to convey to said defendants, and by the mutual mistake of the parties to said contract and deed the property theretofore sold to one R. E. Atkinson was included in said contract and deed, and plaintiff delivered said contract and deed to the said bank supposing that it correctly described the real property which he intended to convey to said defendants, and the said error in said description was not committed by the gross negligence of plaintiff.

"That on said 15th day of March, 1929, plaintiffs, in connection with said contract, also executed and delivered to said First National Bank of Klamath Falls their duly executed deed in favor of Charles A. Briggs and Mary Lee Briggs, intending to convey to the said defendants the premises staked out and described in paragraph IV of these findings; that said mistake which occurred in said contract also occurred in said deed, and the real property described in paragraph VI of these findings was also included in said deed; that said contract and deed were both placed in escrow with the First National Bank of Klamath Falls, Oregon, on said date, and said contract and deed ever since have been and now are in the possession of the First National Bank in Klamath Falls, Oregon, as escrow holders.

"That plaintiff did not learn of said error until immediately prior to the commencement of this suit, and upon learning of this error plaintiff demanded a correction thereof from the said defendants, and the defendants have at all times refused to correct said contract and deed to conform to the intention of all of the parties on the date when said contract was executed, to-wit: the 15th day of March, 1929."

We adopt these findings as our own.

The rule governing the necessary allegations of the complaint, and the requisite degree of proof, in suits for the reformation of written instruments was set down by this court in the case of *Menefee Lbr. Co. v. Gamble,* supra, and we see no reason for restating

it here. In determining that case we reviewed the former holdings of our court on this subject from the time of the earliest decisions, and recorded our findings in the following language:

"Our reports contain many decisions involving questions similar to those at issue in the case at bar. What constitutes the essential averments of a complaint for reforming a written contract entered into by the mutual mistake of the contracting parties, and the high degree of proof requisite to establish such allegations, has been repeatedly declared by this court: *Shively v. Welch,* 2 Or. 288; *Newsom v. Greenwood,* 4 Or. 119; *Evarts v. Steger,* 5 Or. 147; *Lewis v. Lewis,* 5 Or. 169; *Stephens v. Murton,* 6 Or. 193; *McCoy v. Bayley,* 8 Or. 196; *Foster v. Schmeer,* 15 Or. 363 (15 P. 626); *Hyland v. Hyland,* 19 Or. 51 (23 P. 811); *Hughey v. Smith,* 65 Or. 323 (133 P. 68); *Bird v. Mayo,* 75 Or. 100 (144 P. 574, 145 P. 13, 146 P. 475); *Hyde v. Kirkpatrick,* 78 Or. 466 (153 P. 41); *Bott v. Campbell,* 82 Or. 468 (161 P. 955); *Boardman v. Insurance Co. of Pa.,* 84 Or. 60 (164 P. 558), and local citations: *Welch v. Johnson,* 93 Or. 591 (183 P. 776, 184 P. 280); *Dolph v. Lennon's, Inc.,* 109 Or. 336 (220 P. 161); *Smith v. Cram,* 113 Or. 313 (230 P. 812)."

Measured by the rule set down and declared by these authorities, the complaint in the instant case states a good cause of suit, and there is evidence of record proving each material allegation contained therein. The record clearly shows that defendants Charles A. Briggs and Mary Lee Briggs received possession of every square foot of land intended to be conveyed to them under their agreement with the plaintiffs.

From the evidence in this case we are satisfied that the decision of the trial court is right and just, and in accordance with the law. This cause will be affirmed.

COSHOW, C. J., and BEAN and ROSSMAN, JJ., concur.