## FILTSCH v. STRONG.

No. 20968. Opinion Filed June 7, 1932.

Rehearing Denied July 27, 1932.

Emery A. Foster, for plaintiff in error.

H. M. Curnutt, for defendant in error.

HEFNER, J. This is an action originally brought in the justice of the peace court in the town of Barnsdall, Osage county, Okla., on four separate and distinct causes of action. The first three were on promissory notes of $100 each, and the fourth on open account for the sum of $64.70. Plaintiff prayed for judgment on each separate cause of action, or in the aggregate of $364.70. The justice court held that it had no jurisdiction for the reason that the amount exceeded $200, and rendered judgment dismissing plaintiff's cause of action. Plaintiff appealed to the district court of that county, which court likewise held that the justice court was without jurisdiction, and rendered judgment in favor of defendant.

Plaintiff has appealed and asserts that the judgment is contrary to law. It is her contention that each cause of action pleaded by her constitutes a separate cause of action, and that, notwithstanding the aggregate claimed by her exceeds the jurisdictional limit of the justice court, it was not thereby ousted of its jurisdiction.

We do not agree with this contention. Under express provision of the statute, the jurisdiction of justices of the peace is limited to $200. While plaintiff declares on several separate and distinct causes of action, she seeks judgment in the aggregate for a sum in excess of $200. The justice of the peace was therefore without jurisdiction.

In the case of Gaddis v. Williams. 81

Okla. 289, 198 P. 483, in paragraph 3 of the syllabus, the following rule is announced:

"Where two separate actions are brought by the same plaintiff against the same defendant in the justice court and each action is appealed to the district court, the actions are tried de novo and the district court does not have any greater or different jurisdiction than is conferred on the justice court."

And in paragraph 4, it is said:

"Where the district court consolidates such actions so appealed and renders a judgment for an amount in excess of the jurisdiction of the justice court, held, that the district court did not have jurisdiction to render such judgment, and the same is void."

Under our procedure, only one judgment may be entered in any one cause, and the total amount claimed in the bill of particulars fixes the jurisdiction.

While the exact point involved in the case at bar was not decided in the Gaddis Case, in our opinion, the effect of the holding is that a justice of the peace, in cases of this character, is without jurisdiction.

The judgment is affirmed.

RILEY, CULLISON, ANDREWS, and McNEILL, JJ., concur. LESTER, C. J., CLARK, V. C. J., and SWINDALL, J., absent. KORNEGAY, J., dissents.