Motion to dismiss appeal denied June 21, 1932; argued February 1; reversed February 14; rehearing denied March 21, 1933.

## COHN ET AL. *v.* DUNTLEY

### (19 P. (2d) 87)

*J. LeRoy Smith,* of Portland, for appellants.

*Louis Schnitzer,* of Portland (S. J. Bischoff, of Portland, on the brief), for respondent.

CAMPBELL, J. This is a suit to reform a written instrument.

Plaintiffs allege that in the month of December, 1931, they were engaged in business in Portland, under the firm name of Cohn Brothers. Finding themselves financially embarrassed, they consulted with their chief creditors and offered to assign all of their individual, joint and partnership property not exempt from execution, provided they would be released from further liability. Thereupon, as a result of such offer and at the request of their creditors, they made such an assignment to one Homer Goehler, as trustee and for the benefit of all of their creditors including defendant, Fern Duntley, relying on the condition so stated, that said assignment would terminate all of their liabilities; that said Homer Goehler accepted said trust and immediately went into possession of said property for the purpose of liquidation and immediately notified all of the creditors of plaintiff, including Fern Duntley, of such assignment together with a statement of assets and liabilities; that the trustee with the full knowledge and understanding and consent of all the creditors, including Fern Duntley, who

filed her claim with the trustee, proceeded with liquidation and paid a total of 50 per cent of all the claims of the creditors including this defendant, Fern Duntley, who accepted and retained such dividends with full knowledge of all the facts pertaining to said assignment.

Plaintiffs further alleged that the claim of defendant Fern Duntley was "an alleged promissory note made jointly by plaintiffs to defendant, as Cohn Brothers, to said defendant", and that there were certain payments made thereon. That, thereafter, said Fern Duntley, as plaintiff, brought an action to recover the unpaid balance on said claim in the district court of Multnomah county and recovered a judgment for $712 with interest and attorney fees and costs; that plaintiffs have no speedy, or adequate remedy at law, and defendant is threatening to enforce said judgment.

They further allege that they entrusted the preparation of the written instrument of assignment to the officers of the Portland Association of Credit Men and the said Homer Goehler after giving them full and complete information as to what it should contain, but through mistake of the persons preparing the instrument, there was omitted therefrom any mention of the provision releasing plaintiffs from further liability on any and all debts owing by them at that time; that it was intended and understood between said creditors, including defendant herein, that such a provision should have been inserted in said instrument; that they would not have executed said instrument had they known of such omission.

Plaintiffs ask for a restraining order against said judgment and that the instrument of assignment be

reformed by inserting a clause relieving them of further liability. On this showing, a temporary restraining order was issued.

Defendant Fern Duntley filed a demurrer, on the grounds that the complaint failed to state facts sufficient to constitute a cause of suit, and a motion to dissolve the injunction. No appearance on the part of defendant Goehler.

The demurrer was sustained and the plaintiffs refusing to further plead, the court dismissed the complaint and dissolved the injunction. Plaintiffs appeal.

 Since the enactment of the Bankruptcy Act by the Federal government, by virtue of the Constitution of the United States, Article 1, Sec. 8, there can be no assignment for the benefit of creditors without the express agreement and consent of both the debtor and each creditor. Nor can such an assignment operate as a release of unpaid balances without the express consent of the creditor. Debtors and creditors may mutually compromise their obligations in a lawful manner, and the court will uphold such an express agreement. There is nothing unlawful in a creditor transferring his property to a trustee for the purpose of having the proceeds therefrom applied *pro rata* on his debts, and if the creditors expressly agree to accept the same in full satisfaction of their individual claims the debtor would be released from further liability. The fact that a creditor may have participated in the proceeds raises no presumption that he agreed to release the debtor from the full payment of his claim.

The real question involved is the determination of whether the matters set up in the instant case were

available as a defense to the action in the district court, in which the judgment sought to be restrained was recovered.

■ The district court is not a court of record, and its jurisdiction does not extend beyond what is expressly conferred upon it by statute. Its jurisdiction is prescribed and defined by Oregon Code 1930, § 28-1105, as amended by Chap. 19, Laws of 1931.

"Said district courts shall be governed in their proceedings by the provisions of laws, both criminal and civil, regulating proceedings before justices' courts so far as such provisions are not altered or modified in this act, * * *'' Oregon Code 1930, § 28-1112, as amended by Chap. 14, Laws of 1931.

■ A justice court has no equitable jurisdiction (*McMahan v. Whelan,* 44 Or. 402 (75 P. 715)), and no equitable jurisdiction is conferred on the district courts. But the defendant contends, that even if the district court should have no equitable jurisdiction, the defense was still available to plaintiff under Oregon Code 1930; § 28-1304, as amended by Chap. 253, Laws of 1931, which reads as follows:

"In all actions instituted in a justice court or district court a defendant shall have the right to plead a counterclaim in excess of the jurisdiction of such court, whereupon the justice or judge of such court shall, * * * file with the clerk of the circuit court in which such justice court or district court is located, a transcript of the cause, * * * and upon the filing of such transcript with the clerk of such circuit court, such justice of the peace or district judge shall proceed no further in such cause, but such cause shall thenceforth be considered as transferred to such circuit court and be deemed pending and for trial therein as if originally commenced in such court * * *''.

This section was not intended to authorize a defendant to interpose an equitable defense and thereby have the cause transferred to the circuit court.

■ In the case in the district court, wherein defendant herein, as plaintiff, recovered judgment against plaintiff herein, the district court had no jurisdiction to reform the instrument under consideration, or to reform any instrument. Such a defense is not a counterclaim beyond the jurisdiction of, but a defense over which the district court had no jurisdiction.

The question of reforming the instrument in the instant case is not one of first impression in this court and we are governed by the principles announced in *South East Portland Lumber Co. v. Heacock*, 128 Or. 248 (275 P. 28).

■ The complaint may not be as fully and carefully prepared as it might have been. If the plaintiff prove the allegations of mistake and express agreement of defendant they would be entitled to relief.

"A demurrer admits the truth of what is well pleaded and of every reasonable and proper inference deducible therefrom". Wills v. Nehalem Coal Co., 52 Or. 70 (96 P. 528).

The demurrer should have been overruled.

The judgment of the lower court is reversed and the cause remanded for further proceedings not inconsistent herewith.

RAND, C. J., BEAN and BAILEY, JJ., concur.