Argued March 16; affirmed April 3; rehearing denied May 15, 1934

COHN ET AL. *v.* DUNTLEY ET AL.

(31 P. (2d) 170)

*J. LeRoy Smith,* of Portland, for appellants.

*Louis Schnitzer,* of Portland (S. J. Bischoff, of Portland, on the brief), for respondents.

CAMPBELL, J.    This is a suit in equity to reform a written instrument.

Plaintiffs allege that they made an assignment of all their non-exempt property for the benefit of their creditors and that their creditors, including defendant herein, expressly agreed that, in consideration of said assignment, the creditors, including defendants herein, would release plaintiffs of any balance that might be due on any claim of any creditor over and above the *pro rata* amount derived from the assets so assigned; that the scrivener, who prepared the written assignment, by mistake overlooked placing in said assignment

a clause to the effect that said creditors would release the assignors from further liability on their indebtedness.

To this complaint, defendant Fern Duntley filed an answer which amounted to a denial of any mistake and denies specifically that she ever agreed to release plaintiffs from any part of the indebtedness due her in consideration of said assignment. She also set up two separate defenses which we do not deem material or necessary to a proper determination of the issues involved herein.

This cause was previously before this court, *Cohn v. Duntley,* 142 Or. 186 (19 P. (2d) 87), in which we announced the principles of law applicable to the facts relating to a release of debtors as alleged in plaintiffs' complaint and there is no need of repeating them herein.

■■ Before the court will reform a written instrument on the ground of mutual mistake, the evidence must be clear, cogent and convincing. *Brown v. Briggs,* 134 Or. 184 (292 P. 1034), and the cases therein cited. There is a total absence in the record of any agreement on the part of defendant Duntley to release plaintiffs from liability on their assignment to defendant Goehler for the benefit of creditors. The testimony of plaintiffs' own witnesses was to the effect that at all times she refused to commit herself; she never attended any meeting of creditors nor at any time expressly or impliedly consented to such a release. When she transmitted her claim to the assignee, it was accompanied by a letter from her attorney in which, among other things, he said:

"This claim is filed with you upon the understanding that the liability of Cohn Brothers upon the said

note shall not be impaired or discharged, and that they will be held liable for any balance that may remain unpaid after you have liquidated all of the assets of Cohn Brothers coming into your possession.''

A careful reading of all the testimony in the case leads us to the same conclusion as was reached by the able judge who heard the cause in the lower court. This case is easily distinguishable from *Kerslake v. Brower Lumber Company,* 40 Or. 44 (66 P. 437) and *South East Portland Lumber Company v. Heacock,* 128 Or. 248 (275 P. 28).

The decree of the lower court will be affirmed. It is so ordered.

RAND, C. J., and BEAN and BAILEY, JJ., concur.