Argued March 6; affirmed March 26, 1935

BYERLEY ET UX. *v.* ODD FELLOWS' HOME
OF OREGON

(42 P. (2d) 905)

*Oscar Hayter,* of Dallas, for appellants.

*Homer D. Angell,* of Portland (William A. Carter, of Portland, on the brief), for respondent.

CAMPBELL, C. J. In February, 1923, defendant herein, an Oregon corporation, conveyed by special

warranty deed, a lot in the town of Fredericksburg, Lincoln county, Oregon, to Frank Byerley and Lillie Byerley, his wife, plaintiffs herein, for the consideration of $600. The deed described the said property as "Lot 15, Block 1" in the town of Fredricksburg, Lincoln county, Oregon; in fact, the property intended to be sold by defendant and purchased by plaintiffs, was lot 16, block 1. There was no mistake about the actual physical identity of the property intended to be purchased. The property was fenced and improved with a dwelling-house thereon. The plaintiffs went into possession of the premises and no one else has ever made any claim to it.

At the time of the institution of this action, plaintiffs owned and were in possession of lots 16, 17 and 18 of block 1, of the town of Fredericksburg, Lincoln county, Oregon. At the time of the delivery of the said warranty deed, the defendant was not the owner of lot 15, block 1, town of Fredericksburg, but one Bela Wright was the owner and in the possession thereof. It was stipulated during the trial that defendant, at the time of the execution of the deed conveying said property to plaintiffs, had actual title to lot 16 by adverse possession.

On September 31, 1930, plaintiffs demanded of defendant that it place them in possession of lot 15, but defendant failed and refused to do so. Thereupon plaintiffs brought an action in ejectment against the said Bela Wright to recover possession of said lot 15 and damages for withholding the same. Before the trial on the ejectment action, plaintiffs gave notice to defendant of the same, in writing, and invited defendants to assist plaintiffs in said trial. Defendant refused to assist plaintiffs and refused to take any part in the said trial. In the trial Bela Wright successfully defended the ac-

tion and received judgment against plaintiffs for his costs and disbursements.

Thereafter on August 24, 1932, plaintiffs filed a complaint in the instant case seeking damages in the sum of $600, the purchase price of the property, with interest thereon at the rate of 6 per cent per annum from February, 1923, and for the further sum of $211.80, with interest thereon at the rate of 6 per cent per annum from September 11, 1931, the last being the costs and attorney's fees incurred in the ejectment action for the possession of lot 15.

Thereafter on September 21, 1932, defendant filed a demurrer to the complaint upon which no action was taken. On October 19, 1932, defendant filed an answer. On February 7, 1933, plaintiffs filed their reply. Thereafter the action came on for trial before the court without the intervention of a jury.

After plaintiffs' cause of action and defendant's defense were stated, and the introduction of testimony commenced, the defendant moved for an order permitting an amendment of its answer by interlineation, so as to plead an equitable defense, which motion was allowed.

In the amended answer defendant alleged that on or about October 4, 1905, A. J. Moffit was the owner in fee simple of lots 13, 14, 15, 16, 17 and 18 of block 1, Fredericksburg, Lincoln county, Oregon; that on October 16, 1907, Francis Caroline Carey purchased said lot 16 from A. J. Moffit, but that the deed conveying said property erroneously described the said property as lot 15, block 1, Fredericksburg, Lincoln county, Oregon. On November 16, 1907, Francis Caroline Carey went into possession of the said property and lived thereon for a period of more than 13 years, remaining in hostile, open and adverse possession thereof during that time;

that on February 15, 1921, said Francis Caroline Carey, for a valuable consideration, sold said lot 16 to defendant herein, but erroneously described said property as lot 15. The defendant thereafter conveyed said lot 16 to plaintiffs herein by warranty deed, but in the description in said deed, said lot 16 was erroneously described as lot 15; that the plaintiffs remained in possession for more than ten years prior to the commencement of this suit and that no hostile or adverse claim has ever been made against the property; that in July of 1929, plaintiffs herein instituted a suit in the circuit court for Lincoln county against Clarence Hanenkratt and Mrs. Clarence Hanenkratt, his wife, and Fannie O'Hara and Alex O'Hara in which plaintiffs alleged that they were the owners of said lot 16 and were entitled to the possession thereof; that thereafter the cause was settled by the parties and the suit dismissed; that plaintiffs secured a quit-claim deed from Fannie O'Hara and Alex O'Hara her husband, releasing all right, title and interest to and in said lot 16, to plaintiffs and said quit-claim deed constituted the settlement referred to in the above suit.

Defendant further alleged that it would secure a quit-claim deed from Fannie O'Hara and Alex O'Hara, her husband, she being the sole heir at law of A. J. Moffit, deceased, conveying said lot 16 to plaintiffs; that it would execute a deed to plaintiffs correctly describing the property intended to be purchased and offered to pay the plaintiffs all taxes, if any, with penalties and interest, accrued against said lot 16 at the time said lot 16 was conveyed from defendant to plaintiffs. The defendant prayed that the law action be stayed, and the said deed from defendants to plaintiffs be reformed so as to describe correctly the property intended to be conveyed thereby.

The court decreed that the deed from defendants to plaintiffs be reformed so as to convey the property intended to be purchased and that plaintiffs be decreed to have a good and sufficient merchantable title to lot 16, block 1, Fredericksburg, Lincoln county, Oregon, and that defendant pay to plaintiffs the money expended by plaintiffs for taxes on lot 16, the amount agreed upon by the parties being $17.86. From that decree plaintiffs have appealed.

■ It is admitted that plaintiffs knew the property they were buying. They were put into possession of what they bought. They have had possession of it ever since and at the time the instant action was brought. No one else has ever asserted any claim to it nor molested them in any way in the possession thereof. Plaintiffs were not buying a deed, they were buying a certain tract of real estate which they examined before buying and they got exactly what they wanted and what they paid for—no more, no less. The mistake in their muniment of title was clearly and beyond dispute a mutual mistake and is so admitted by plaintiffs.

"Taught by the maxim that equity regards the substance rather than the form, we discern that the sole purpose in general of the suit at bar is to secure for the plaintiff the land which it is alleged was the intention and understanding of all parties at the time should pass to him by the proceedings described, and which did inure to him in fact except as affected by the mutual mistake of the parties in the litigant transaction. It matters not where the mistake originated, or how often it is reiterated; all those who innocently repeat it make it their own. Neither is it of any concern at what stage of its progress the mistake is arrested and its consequences averted. If it is the mutual mistake of the parties then involved, equity has power to do justice between them according to their own real intentions, notwithstanding the fact that the error, if it had been

discovered, might have been obviated earlier in its history. Where, as in this case, the chancery tribunal has before it all the parties interested, it may correct the error and establish the individuals involved in their rights as they would have been but for the mistake, without going back through all its ramifications and making corrections as of the beginning of the error." *Mays v. Morrell*, 65 Or. 558 (132 P. 714).

*Brown v. Briggs*, 134 Or. 184 (292 P. 1034), was a case in which a description in a deed covered more property than was intended to be conveyed, and this court, after citing many authorities said: "The record clearly shows that defendants received possession of every square foot of land intended to be conveyed under their agreement with the plaintiffs." The same is true in the instant case.

At the time plaintiffs brought the suit against Bela Wright, for the possession of lot 15, they knew they had no right or title to the possession or ownership thereof. They were simply attempting to gain an advantage by their own mistake for which defendant was no more responsible than they were.

■ The deed of conveyance from defendant to plaintiff contained a warranty on the part of the grantor:

"* * * does covenant with said Frank Byerley and Lillie Byerley, husband and wife, and their legal representatives that the said real estate is free from all incumbrances, and that it will, and its successors shall warrant and defend the same to said grantees, their heirs and assigns forever, against the lawful claims and demands of all persons whomsoever."

It will be observed that this is not a general warranty of its ownership and right to convey. So that as long as plaintiffs got what they intended to purchase and there are no incumbrances against it, and no one

makes any claim against it, they have no cause of action on the warranty.

It appears that plaintiffs were compelled to pay some delinquent taxes against lot 16 in a stipulated amount for which the trial court decreed that defendant should reimburse the plaintiffs.

The decree of the circuit court will be affirmed.

It is so ordered.

KELLY, BELT and ROSSMAN, JJ., concur.