Argued June 18, reversed and remanded December 31, 1959

# SALITAN ET AL *v.* DASHNEY ET AL

### 347 P. 2d 974

*William K. Shepherd,* Portland, argued the cause for appellants. With him on the brief was Hope Bassett, Aloha.

*James K. Gardner,* Hillsboro, argued the cause for respondents. On the brief were Gardner & Reeder, Hillsboro.

Before McALLISTER, Chief Justice, and WARNER, O'CONNELL and MILLARD, Justices.

McALLISTER, C. J.

The plaintiffs, Samuel S. Salitan and David Little, co-partners doing business as Credit Industrial Company, filed this action in the district court of Washington county to recover certain sums allegedly due them from defendants by virtue of four trade acceptances. The single complaint contained four separate causes of action, each for the principal amount due on one of the trade acceptances with interest thereon. The principal amout claimed on the four causes of action, together with interest to November 29, 1955, the date the complaint was filed, totaled $1,048.57.

The primary question presented by this appeal is whether under ORS 46.060① a district court has jurisdiction of a case containing several causes of action each claiming an amount less than the jurisdictional limit of the court but which collectively claim more than the $1,000 jurisdictional limit of the court as fixed by the above statute.

On September 26, 1956, after trial by jury, a judgment was entered in favor of plaintiffs for the full amount demanded in the complaint. Thereafter on October 22, 1956, the defendants moved to vacate the judgment on the ground that the district court lacked jurisdiction of the cause because the total amount claimed in the complaint exceeded the jurisdictional limit of the court.

On November 20, 1956, the district court denied the motion to vacate the judgment and on the same day the defendants filed notice of appeal to the circuit court for Washington county, both from the judgment entered September 26, 1956 and from the order en-

---

① ORS 46.060. The district courts shall have jurisdiction, but not exclusive, in the following cases:

(a) For the recovery of money or damages only when the amount claimed does not exceed $1,000. * * *.

tered November 20, 1956 denying the motion to vacate the judgment.

On December 17, 1956, the plaintiffs moved the circuit court to dismiss the appeal on the ground that the notice of appeal had not been filed within 30 days from entry of the judgment. On March 11, 1957, the circuit court entered an order finding in effect that the district court had had jurisdiction of the case but dismissing the appeal because the notice of appeal had not been filed within 30 days from entry of the judgment. From this order the defendants have appealed to this court.

■■ The district court is an inferior court and has only the jurisdiction expressly conferred on it by statute. See *Cohn v. Duntley*, 142 Or 186, 190, 19 P2d 87 and *Mitchell v. Or., Wn., Credit & Coll. Bur.*, 188 Or 389, 215 P2d 917. The jurisdiction of the district court is limited by ORS 46.060 to cases in which the amount claimed does not exceed $1,000. The amount claimed is determined by the ad damnum clause of the complaint. *Ferguson v. Byers*, 40 Or 468, 67 P 1115, 69 P 32 and *Troy v. Hallgarth*, 35 Or 162, 57 P 374. If the complaint prays for more than the jurisdictional amount the court does not acquire jurisdiction of the subject matter. *Ferguson v. Byers*, supra; *Jones v. Jones*, 14 NC 360 (1832); *Gregg v. Wooden*, 7 Ind 499 (1856); *Feillet v. Engler*, 8 Cal 77 (1857); *Houser v. McKennon*, 1 Baxter 287, 60 Tenn 287 (1873); and *Bud Hoard Co. v. F. Berg & Co.*, 137 Okla 16, 278 P 273 (1929).

■ In determining whether the amount claimed in the complaint exceeds the jurisdictional amount of the court, the interest claimed, computed to the filing of the action, must be included. *Ferguson v. Reiger*, 43 Or 505, 73 P 1040; *State ex rel Egbert v. Superior Court*, 9 Wash 369, 37 P 489; *Gregg v. Wooden*, supra; *Houser v. McKennon*, supra; *Bud Hoard Co. v. F.*

*Berg & Co.,* supra; and 14 Am Jur 410, Courts § 214, 77 ALR 992, 167 ALR 1243.

■ We hold that the district court does not have jurisdiction of a case where the aggregate amount claimed exceeds $1,000 even though the amount claimed in each separate cause of action is less than the jurisdictional limit of the court. *Swift v. Woods,* 5 Blackf 97 (Ind); *Phillips v. Snowden Placer Co.,* 40 Nev 66, 160 P 786; and *Filtsch v. Strong,* 158 Okla 303, 13 P2d 163. See also *Miami Copper Co. v. State,* 17 Ariz 179, 149 P 758 and *Hammell v. Superior Court,* 217 Cal 5, 17 P2d 101. We have carefully examined the authorities relied on by plaintiff but believe they are clearly distinguishable.

■ In addition to the cases cited we feel that the following language of that portion of ORS 46.070 relating to counterclaims is of importance in the consideration of this case:

"ORS 46.070. In any action instituted in a district court wherein the amount claimed by the plaintiff is not in excess of its jurisdiction and the amount claimed by the defendant by way of counterclaim is not in excess of its jurisdiction, the district court shall have jurisdiction of such cause, notwithstanding the combined amounts of such claim and counterclaim exceed the sum of $1,000."

Since the legislature deemed it necessary to grant the district court jurisdiction of causes in which a claim and counterclaim when added together exceed the sum of $1,000, it may be concluded that there are no other exceptions to its jurisdictional limit of $1,000. If the legislature had intended that several causes of action for amounts less than the jurisdictional limit could be united in one claim exceeding the limit, express permission would have been so granted as in the case of the provision relating to counterclaims.

In the case now before us, the complaint being one seeking an amount in excess of $1,000, the district court was without jurisdiction and the judgment rendered was a mere nullity.

■ Because the notice of appeal was not filed within thirty days from the entry of judgment, the time within which to appeal from the judgment had expired. If the appeal had been taken only from the judgment entered on September 26, 1956 it should have been dismissed. However, the defendants appealed also from the order entered on November 20, 1956 denying defendants' motion to vacate the judgment. We must therefore determine whether an appeal to the circuit court lies from the order of the district court refusing to vacate its judgment rendered without jurisdiction.

The right to appeal from the district court is granted by ORS 46.250 which reads in part as follows:

> "Either party to an action or proceeding in a district court shall have the right of appeal in all cases where an appeal may be taken from a justice's court and from a decree or other final order of the district court, which appeal shall be taken at the time and in the manner provided for taking an appeal from the justice's court. The appeal shall be taken to the circuit court for the county in which the district court is located, and be heard and determined in the manner provided by law for the hearing and determinings of appeals from justices' courts. * * *"

In *Columbia Auto Works v. Yates,* 176 Or 295, 308, 156 P2d 561, this court stated the general rule to be that "an order denying a motion to vacate an appealable order, judgment or decree is not appealable." The court recognized that in some jurisdictions an exception to the general rule is made where the judgment, order or decree sought to be vacated is void and as-

sumed, without deciding, that such exception would be made in Oregon under like circumstances.

It is well settled in Oregon that an objection to the jurisdiction of the court may be taken at any time either before or after judgment. ORS 16.330; *Montesano L. Co. v. Portland Iron Wks.*, 78 Or 53, 152 P 244 and *Dippold v. Cathlamet Timber Co.*, 98 Or 183, 193 P 909. It is also well settled that every court of general jurisdiction possesses the power to set aside and vacate at any time its judgments which are void because rendered without jurisdiction. *Finch et al. v. Pacific Reduction Etc. Co.*, 113 Or 670, 234 P 296; *Western Land Etc. Co. v. Humfeld*, 118 Or 416, 247 P 143; and *Anderson v. Guenther*, 144 Or 446, 22 P2d 339. The district courts in Oregon by ORS 46.160 have been granted authority to vacate judgments upon the motion of one of the litigants. See *Mitchell v. Or., Wn., Credit & Coll. Bur.*, supra.

Although the authorities are not in harmony, we believe that the order of the district court refusing to vacate its judgment, void because it had no jurisdiction of the subject matter, is an appealable final order under the provisions of ORS 46.250 quoted above. *Huffman v. Huffman*, 47 Or 610, 86 P 593. See also *Vann v. Union Central Life Ins. Co.*, 79 Okla 17, 191 P 175; *Luckenbach v. Krempel*, 188 Cal 175, 204 P 591; and 8 Bancroft Code Practice and Remedies 8386, § 6321. We therefore hold that the circuit court erred in dismissing the appeal.

The case is reversed and remanded to the circuit court with instructions to vacate the judgment of the district court.

MILLARD, J. did not participate in the decision of this case.