472 P.2d 310

Reed NALDER and Margaretha Nalder, husband and wife, Plaintiffs-Appellants,

v.

CREST CORPORATION, d/b/a, Trail Motel, Defendant-Respondent.

No. 10531.

Supreme Court of Idaho.

July 20, 1970.

6. I.R.C.P. Rule 15(b) is identical to Rule 15(b) of the Federal Rules of Civil Procedure.

Johnson & Olson, Pocatello, for plaintiffs-appellants.

Gee & Hargraves, Pocatello, for defendant-respondent.

McFADDEN, Chief Justice.

.The present action is the outgrowth of an earlier action in the Caribou County probate court between the same parties. In that action, commenced November 16, 1966, Crest Corporation, defendant-respondent here, filed its complaint against Reed Nalder, one of the plaintiffs-appellants here, seeking recovery of $490.51. A writ of attachment was issued on November 18, 1966, and pursuant to that writ, the Caribou County sheriff took into his possession a 1961 Chevrolet automobile belonging to Margaretha Nalder, the wife of Reed Nalder and the other plaintiff-appellant involved here. On the same day, Mrs. Nalder filed an affidavit stating that the vehicle was her sole and separate property, and since she was not a party to the probate court action, the sheriff released the car to her.

On November 21, 1966, however, Crest Corporation amended its complaint, adding Mrs. Nalder as a party defendant and increasing the amount prayed for against the Nalders to $553.20 plus interest and costs. On the same day another writ of attachment was issued by the probate court and was served upon Mr. Nalder's employer, garnishing wages owed to Mr. Nalder. Wages in the amount of $205.35 were turned over to the sheriff pursuant to this attachment.

On November 22, 1966 another writ of attachment was issued by the probate court, again attaching the 1961 Chevrolet. The sheriff took possession of the automobile, but after Mrs. Nalder posted a $500.00 cash bond, the vehicle was released to her.

On November 23, 1966, the Nalders answered the complaint of Crest Corporation and filed a counterclaim. Then on February 13, 1967, Crest Corporation again amended its complaint, adding a second cause of action seeking damages in the amount of $500.00, making the total prayed for $1,053.20, plus interest and costs. On April 13, 1967 default was entered against the Nalders, and on May 16, 1967, judgment was entered against them in the probate court for $1053.20 plus costs of $27.45. On June 12, 1967, a writ of execution was issued by the probate court, and Crest Corporation levied upon the $500.00 bond which Margaretha Nalder had posted for the release of her automobile.

All of the facts recited above are as set out in the complaint in the present action filed by the Nalders on August 11, 1967. That complaint sets forth five separate "causes of action" (claims for relief). The first and second of these claims seek to have the probate court's judgment declared null and void because in excess of that court's jurisdiction and because of failure of service of the amended complaint. The third claim seeks damages for the wrongful execution against the cash bond, and the fourth seeks damages for wrongful attachment of Mr. Nalder's wages. The fifth claim seeks damages for attachments issued on November 16, 1966, November 21, 1966, November 22, 1966, and June 12, 1967.

The respondent Crest Corporation moved to dismiss the complaint, but this motion was denied. Respondent then moved for summary judgment on the basis of the pleadings and an affidavit of the president of the respondent corporation in which it was stated that the corporation on January 8, 1968 filed in the probate court a waiver and disclaimer of the judgment in excess of the jurisdictional limits of the probate court ($750.00).

Appellant Reed Nalder filed an affidavit in opposition to the respondent's motion for summary judgment. In ruling on the motion for summary judgment, the district court held that the probate court's judgment was in excess of that court's jurisdictional limits and was therefore null and void, but the court nevertheless granted summary judgment to the respondent on the other three claims for relief set out in appellants' complaint seeking actual and punitive damages for the attachments and execution on the judgment. The trial court, in its order and summary judgment, stated

> "* * * The Judgment entered by the Probate Court is null and void but any actions by the defendant in accordance with that judgment are not as a matter of law malicious in that they were done under color of authority. Certainly the Probate Court can issue attachments legally and executions can be issued on judgments of said court.
>
> "The affidavits of the parties do not show nor does the complaint sufficiently plead actionable conduct by the defendant which would entitled [sic] plaintiff to a judgment against him."

The plaintiffs have appealed from that portion of the summary judgment dismissing their claims for damages. They contend that the attachments and the execution on the bond following judgment are illegal and wrongful since the probate court was without jurisdiction to enter judgment and that a wrongful attachment or execution gives rise to a claim for damages.

In regard to the challenged attachments, it is important to note that they were valid when they were issued by the probate court. All of the attachments were issued at a time when the total amount prayed for in the defendant's complaint was $553.20, which is less than the jurisdictional limit of the probate court. I.C. § 1–1202. Also, the total value of the property attached was less than $750, which is the maximum amount over which the probate court has jurisdiction. There is no allegation or contention that the proceedings leading up to the writs of attachment were irregular or that the requirements of I.C. Title 8, Ch. 5 for attaching property were not complied with. Rather, the sole contention is that because the ultimate judgment exceeded the jurisdictional limits of the probate court, the earlier attachments were rendered invalid and wrongful. No authority has been cited for this proposition. Since the probate court had jurisdiction over the controversy at the time the writs of attachment were issued and no claim is made that the procedure was irregular or defective for the issuance of the writs themselves, it is our opinion that there is no merit to appellants' contention that their property was wrongfully attached.

It is also important to note that the appellants did not move to vacate or set aside the attachments, which they had the right to do if they felt the attachments were illegal. I.C. § 8–534. This court has held in Mitchell v. Ada Investment Co., 42 Idaho 421, 246 P. 10 (1926), that a defendant who believes that a writ of attachment has been wrongfully issued must move with reasonable diligence to have it set aside. The court stated in that case that

> "One against whom an action is instituted and whose property is attached may not sit supinely by, and, after judgment is entered, have the attachment vacated merely because of the falsity of the affidavit for attachment." 42 Idaho at 428, 246 P. at 11.

Thus no claim for relief is stated by counts four and five of appellants' complaint seeking damages for the attachments issued in the present case.

748

The appellants also contend, however, that they are entitled to damages for wrongful execution on an invalid judgment. They assert that the probate court judgment is invalid because the amount of the judgment, $1,053.20 plus costs, is in excess of the $750.00 limit on the court's jurisdiction. The complaint upon which the probate judgment was entered contains two counts, one for $553.20 and one for $500.00, neither one of which singly exceeds the jurisdictional limit of the court. It is quite well settled, however, that for purposes of determining whether the maximum jurisdiction of a court has been exceeded, the aggregate claim of all counts in the complaint must be considered. Salitan v. Dashney, 219 Or. 553, 347 P.2d 974 (1959); Phillips v. Snowden Placer Co., 40 Nev. 66, 160 P. 786 (1916); Filtsch v. Strong, 158 Okl. 303, 13 P.2d 163 (1932). See also Miami Copper Co. v. State, 17 Ariz. 179, 149 P. 758 (1915); Hammell v. Superior Court, 217 Cal. 5, 17 P.2d 101 (1932). It is clear, therefore, that the judgment in the present case exceeded the jurisdictional limits of the probate court. I.C. § 1–1202.

The respondent argues, however, that although the judgment was in excess of the court's jurisdiction, a waiver and disclaimer of the excess amount was filed in the probate court under I.C. § 16–1006 and that this disclaimer cured the defect in the judgment. I.C. § 16–1006 provides that

"When the amount found due to either party exceeds the sum for which the court is authorized to enter judgment, such party may remit the excess, and judgment may be rendered for the residue."

The plain language of this provision makes it clear that the intention was to allow a remittitur before judgment was entered. Therefore, by virtue of that provision, after judgment and execution on the judgment has been entered, it is too late to cure a defect in the court's jurisdiction by disclaiming the amount of the judgment in excess of jurisdiction.

The probate court had no jurisdiction to enter judgment for $1,053.20 in the present case because its jurisdiction is limited to claims in civil actions not exceeding $750.00. I.C. § 1–1202. There appear to be no Idaho cases directly in point on this issue, but the question has arisen in other jurisdictions. Salitan v. Dashney, 219 Or. 553, 347 P.2d 974 (1959), is nearly identical to the case at bar. There, two claims aggregating $1,048.57 were presented to the district court, the jurisdiction of which was limited to cases in which the amount claimed did not exceed $1,000.00. Holding that the judgment of the district court must be vacated, the Oregon Supreme Court stated that

"If the complaint prays for more than the jurisdictional amount, the court does not acquire jurisdiction of the subject matter. * * *

"We hold that the district court does not have jurisdiction of a case where the aggregate amount claimed exceeds $1,000 even though the amount claimed in each separate cause of action is less than the jurisdictional limit of the court." 347 P.2d at 976.

To the same effect are Phillips v. Snowden Placer Co., 40 Nev. 66, 160 P. 786 (1916); Filtsch v. Strong, 158 Okl. 303, 13 P.2d 163 (1932).

As this court stated in Baldwin v. Anderson, 51 Idaho 614, 8 P.2d 461 (1932),

" 'In addition to jurisdiction of the parties and the *subject matter*, it is necessary to the validity of a judgment that the court should have jurisdiction of the question which its judgment assumes to decide, and *jurisdiction to render a judgment for the particular remedy or relief which the judgment undertakes to grant.*' " (Emphasis added.) 51 Idaho at 617, 8 P.2d at 462.

When the complaint seeks more than the jurisdictional amount for which the court is authorized to enter judgment, the court does not have jurisdiction over the subject matter. Salitan v. Dashney, supra. But neither, in the present case, did the court

have jurisdiction to render a judgment for the particular remedy which the judgment undertook to grant since the court was authorized by statute to render judgment only up to $750.00.

 A judgment rendered without jurisdiction is void and unenforceable. Baldwin v. Anderson, supra; Wright v. Atwood, 33 Idaho 455, 195 P. 625 (1921); Salitan v. Dashney, supra; 46 Am.Jur.2d Judgments, § 22, p. 327. It is also fundamental that a writ of execution based on an invalid or void judgment is itself invalid. Garren v. Rollis, 85 Idaho 86, 375 P.2d 994 (1962); Evans v. City of American Falls, 52 Idaho 7, 11 P.2d 363 (1932). In the present case the probate court judgment was invalid, and consequently the writ of execution based upon this invalid judgment was wrongful.

This court has recognized that a cause of action exists for wrongful execution of a judgment. Beloit v. Green, 43 Idaho 265, 251 P. 621 (1926); Van Sickle v. Barnett, 37 Idaho 407, 216 P. 1038 (1923). In such an action damages are assessable in accordance with the general rules of damages. 30 Am.Jur.2d Executions § 763, p. 871. The actual damages sustained by the judgment debtor are recoverable without a showing of malice. 33 C.J.S. Executions § 458, p. 845. See also Beloit v. Green, supra. In the absence of a proper proof of actual damages, only nominal damages may be recovered. Beloit v. Green, supra. Punitive damages are awarded only where the execution was done wantonly or maliciously. 33 C.J.S. Executions § 458, p. 846; Wilkerson v. Randall, 254 Miss. 546, 180 So.2d 303 (1965); Lee v. Dunbar, 37 A.2d 178 (D.C.Mun.App. 1944). Generally damages for mental anguish are allowable only as an element of punitive but not of actual damages, which requires a showing of wanton or malicious conduct before they will be awarded. Lee v. Dunbar, supra; Sims v. Matassa, 200 So. 666 (La.App. 1941); 33 C.J.S. Executions § 458, p. 847.

Appellants' third "cause of action" by which they seek damages for wrongful execution alleged that a judgment had been obtained wrongfully; that under the judgment an execution was issued thereon; that a cash bond posted for release of Mrs. Nalder's automobile was levied upon, and that such execution was wrongful. Under this third cause of action a claim for relief was stated, and it was error for the trial court to grant summary judgment dismissing this claim at that stage of the proceedings.

That portion of the summary judgment dismissing appellants' third "cause of action" is reversed and the cause remanded for further proceedings thereon. All other parts of the summary judgment are affirmed. No costs allowed.

McQUADE, DONALDSON, SHEPARD and SPEAR, JJ., concur.