Argued and submitted September 18, affirmed December 5, 1984, reconsideration denied January 25, petition for review denied February 26, 1985 (298 Or 773)

## COHEN,
*Appellant,*

*v.*

## ROGUE COMMUNITY COLLEGE DISTRICT,
*Respondent.*

(82-426-C; CA A31089)

692 P2d 131

William S. Dames, Medford, argued the cause for appellant. With him on the brief was Dames & Dames, Medford.

Robert Chapman, Medford, argued the cause for respondent. On the brief was Patrick Ford, Medford.

Before Joseph, Chief Judge, and Warden and Newman, Judges.

JOSEPH, C. J.

## JOSEPH, C. J.

Rogue Community College operates an automotive shop where students repair cars as part of their course work. In order to obtain vehicles for instructional use, the college encourages repair of privately owned vehicles and charges only for parts. On October 19, 1981, plaintiff brought his pickup truck to the shop for starter and clutch repairs. Defendant charged him $259.55 for parts. Plaintiff was dissatisfied with the clutch repairs and had corrective work done at a professional garage for $273.66. When the college rejected plaintiff's demand for $3,000 in damages, he filed a complaint on December 13, 1982, in which he prayed for $2,874.86 in damages plus accrued interest from October 19, *1982.* He amended his complaint to claim interest from October 19, *1981,* when the work was actually performed.

Defendant offered to settle for the amount it had charged plaintiff for parts. The matter went to trial, and the jury returned a verdict in the amount of $338. Plaintiff filed a cost bill, which included $3,570 for attorney fees. ORS 20.080(1) provides for attorney fees for a prevailing plaintiff "in any action for damages for an injury or wrong to the person or property, or both, of another where the amount pleaded is $3,000 or less * * *." The trial court sustained defendant's objection to plaintiff's claim for attorney fees on the ground that the amount pleaded in the complaint exceeded $3,000.

■ *Salitan v. Dashney,* 219 Or 553, 556, 347 P2d 974 (1959), holds that "in determining whether the amount claimed in the complaint exceeds the jurisdictional amount of the court, the interest claimed, computed to the filing of the action, must be included." We hold that that rule is also applicable when determining the amount pleaded for purposes of awarding attorney fees under ORS 20.080(1).

■ Plaintiff's amended complaint was filed on October 14, 1983, and prayed for $2,874.86, plus interest at the rate of nine percent per annum from October 19, 1981, until paid. *Salitan* requires that "the interest claimed [be] computed to the filing of the action." Even if we interpret "filing of the action" to mean the filing of the original complaint, the interest on plaintiff's claim for the period between October 19,

1981 and December 13, 1982, when added to the underlying $2,874.86 claim, was in excess of $3,000.[1]

Affirmed.

---

[1] In a memorandum of additional authorities plaintiff cites *Northside Auto Serv. v. Consumer United,* 25 Wash App 486, 607 P2d 890 (1980). That case holds that prejudgment interest should not be considered in determining the amount pleaded for purposes of awarding attorney fees under a statute similar to ORS 20.080(1), because a defendant might tend to string out negotiations until the accrued interest increases the amount pleaded to a point that bars recovery of attorney fees. Under the *Salitan* rule, however, the act of *filing* the complaint tolls the computation of prejudgment interest for the purpose of the attorney fee statute. The plaintiff, not the defendant, controls that date.